734 So.2d 1231 (1999)
Tiffany TRICHE, et al.
v.
E.I. duPONT deNEMOURS AND COMPANY, INC.
No. 98-C-1019.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
Writ Denied June 4, 1999.
Daniel E. Becnel, Jr., Darryl J. Becnel Becnel, Landry & Landry, Reserve, Louisiana, for plaintiffs-applicants.
Terrence K. Knister, Anne P. Birdsong, Abbott, Simses, Knister & Kuchler, New Orleans, Louisiana, for defendant-respondent.
Court composed of Judges CHARLES GRISBAUM, Jr., SOL GOTHARD, and NESTOR L. CURRAULT, Jr., Pro Tempore.
PER CURIAM.
This writ application arises from an order of the trial court in a class action that a neutral agency, agreed upon by both parties, conduct the proof of claims process and that two representatives from each party could be present to oversee the gathering of the information.
On October 2, 1998, this Court issued the following disposition in regard to this writ:
The trial court is given broad discretion in matters which affect the general order of proceedings in class actions. La. C.C.P. art. 592(E). Thus, upon the showing made, we find the court's order within its discretion. Moreover, we find no violation of the attorney-client privilege. According to the defendant's proposal for the proof of claims process, which is attached to relator's writ application, the neutral party's involvement is limited. Accordingly, relator's request for relief is denied.
The Louisiana Supreme Court remanded this matter "for briefing, argument and opinion." After careful review on remand, we find the following: La.Code Civ. P. art. 592(E)(5), in pertinent part, provides as follows
[T]he court may make any of the following appropriate orders:
. . . .
(5) Dealing with similar procedural matters, including but not limited to case management orders providing for consolidation, duties of counsel, the extent of scheduling of and the delays for pre-certification and post-certification of discovery, and other matters which affect the general order of proceedings....
We believe the legislature, in enacting La.Code Civ. P. art. 592, intended for the trial court to be given great discretion in the handling of class action matters. We believe the trial court's order providing for a neutral agency to handle the proof of claims process with two representatives from each party present promotes neutrality and forthrightness. Thus, from the application presented, we cannot say the trial court abused its discretion.
WRIT DENIED.