STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-136

BRETT CRADER AND DANIEL MCCOY

VERSUS

PINNACLE ENTERTAINMENT, INC.
AND PNK (LAKE CHARLES), L.L.C.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 05-885
HONORABLE DAVID RITCHIE, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and J. David Painter, Judges.

AFFIRMED.

Thomas M. Long
600 Jefferson Street, Suite 1101
Lafayette, LA 70501
Counsel for Defendants-Appellees:
    Pinnacle Entertainment, Inc. and
    PNK (Lake Charles), L.L.C.

Kenneth Michael Wright
Ike A. Hobaugh
203 West Clarence Street
Lake Charles, LA 70601-6930
Counsel for Plaintiffs-Appellants:
    Brett Crader and Daniel McCoy

**PAINTER, Judge.**

Plaintiffs, Brett Crader and Daniel McCoy, appeal the trial court's ruling in favor of Defendants, Pinnacle Entertainment, Inc. and PNK (Lake Charles), L.L.C., granting Defendants' motion to dismiss Plaintiffs' class action petition for failure to timely move for certification of the action as a class action under La.Code Civ.P. art. 592(A)(1). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2005, Brett Crader and Daniel McCoy filed suit in the Fourteenth Judicial District Court against Pinnacle Entertainment, Inc. and PNK (Lake Charles), L.L.C. That petition stated that Crader and McCoy would be the representatives of the following purported class: "All employees of any subcontractor of Manhattan Construction Company employed in building the Pinnacle Hotel and Casino project in Lake Charles, Louisiana." The general allegations were that the purported class had been damaged due to mold, paint fumes, and fireproofing materials contained at the jobsite.

The record reflects that both Defendants were served with the original petition on March 1, 2005. Defendants filed exceptions of no cause of action and vagueness on April 15, 2005. After a hearing on the exceptions, the trial court granted the exceptions of no cause of action and of vagueness on August 29, 2005. Plaintiffs then filed a supplemental and amending petition on September 8, 2005.

On September 9, 2005, alleging that the statutory deadline provided by La.Code Civ.P. art. 592(A)(1) had passed, Defendants filed a motion to dismiss the class action. Plaintiffs then filed a motion for class certification on the same day.

Defendants filed an answer and affirmative defenses on October 5, 2005.

1

The trial court held a hearing on Defendants' motion to dismiss on October 10, 2005. The trial court, finding that no good cause existed for the delay, granted the motion to dismiss the class action but reserved the rights of Crader and McCoy to proceed in their individual capacities. Crader and McCoy now appeal, asserting as their sole assignment of error that the trial court applied the wrong legal standard in deciding the motion to dismiss.

## DISCUSSION

The relevant portions of La.Code Civ.P. art. 592, which set out the mandatory procedures to be followed for class certification, provide as follows:

> A. (1) Within ninety days after service on all adverse parties of the initial pleading demanding relief on behalf of or against a class, the proponent of the class shall file a motion to certify the action as a class action. The delay for filing the motion may be extended by stipulation of the parties or on motion for good cause shown.

> (2) If the proponent fails to file a motion for certification within the delay allowed by Subparagraph A(1), any adverse party may file a notice of the failure to move for certification. On the filing of such a notice and after hearing thereon, the demand for class relief may be stricken. If the demand for class relief is stricken, the action may continue between the named parties alone. A demand for class relief stricken under this Subparagraph may be reinstated upon a showing of good cause by the proponent.

As stated above, both Defendants were served with the initial petition on March 1, 2005. Thus, according to statute, Plaintiffs had until May 31, 2005 to file a motion to certify the action as a class action. No motion for class certification was filed until September 9, 2005.

This court has previously stated: "The clear wording of Article 592(A)(1) requires that a motion to certify the action as a class action must be filed 'within ninety days after service on all adverse parties of the initial pleading. . . .'" *Martello v. City of Ferriday*, 04-90, p. 2 (La.App. 3 Cir. 11/3/04), 886 So.2d 645, 648, *writs denied*, 04-2964, 04-2976 (La. 2/25/05), 894 So.2d 1148. Furthermore, the courts

2

have recognized that the trial court is given great discretion in the handling of class action matters, particularly with regard to those matters which affect the general order of proceedings. La.Code Civ.P. art. 592(E)(5); *Triche v. E.I. duPont deNemours and Co., Inc.*, 98-1019 (La.App. 5 Cir. 3/30/99), 734 So.2d 1231, *writ denied*, 99-1198 (La. 6/4/99), 744 So.2d 632. Thus, we cite with approval the fifth circuit's decision in *Eugene v. Marathon Oil Co.*, 99-61 (La.App. 5 Cir. 5/19/99), 735 So.2d 933, wherein that court recognized that a plaintiff is required to show good cause why the class action petition should not be dismissed when the defendant files a motion to dismiss based on failure to comply with the procedure set forth in La.Code Civ. P. art. 592(A)(1).

In brief, Plaintiffs argue that there was good cause for the delay because Defendants were not prejudiced thereby, because Defendants asked for extensions to answer and filed exceptions which had to be resolved, and because Hurricanes Katrina and Rita disrupted the normal flow of paperwork. Plaintiffs' basic argument is that the trial court has discretion in as to whether or not to dismiss the class action in this instance and that dismissal of the class action was not mandated by their failure to timely file a motion for class certification since La.Code Civ.P. art. 592(A)(2) states that "the demand for class relief *may* be stricken" rather than "*shall* be stricken." Thus, Plaintiffs contend that the trial court believed that dismissal was mandated rather than left to his discretion. This argument, however, ignores the fact that Plaintiffs failed to ask for an extension of the delay for filing the motion and failed to present evidence showing good cause for the failure to timely file the motion for certification at the hearing on Defendants' motion to dismiss.

In this case, as in *Eugene*, Plaintiffs failed to make a showing of good cause why the class action should not be dismissed after failing to file a motion for class

3

certification within the ninety days proscribed by statute. We see no reason why Plaintiffs were prevented from filing such a motion such that the delay should be extended. The trial court considered Plaintiffs' good cause argument and stated: "I don't see on the face of this that there's necessarily good cause." Accordingly, we find no merit in Plaintiffs' assignment of error. Plaintiffs failed to show good cause for their failure to comply with the mandatory provisions of La.Code Civ.P. art. 592(A)(1); therefore, we find no abuse of the trial court's discretion in dismissing Plaintiffs' class action. Furthermore, we find no legal error in the trial court's application of La.Code Civ.P. art. 592 to the facts of this case.

## DECREE

Because we find that Plaintiffs did not make a showing of good cause for the delay, we find neither an abuse of discretion nor an error of law by the trial court. We, therefore, affirm the trial court's ruling which granted Defendants' motion to dismiss Plaintiffs' class action petition for failure to timely move for class certification. Like the trial court, we recognize Plaintiffs' right to proceed in their individual capacities. Costs of this appeal are assessed against Plaintiffs-Appellants, Brett Crader and Daniel McCoy.

**AFFIRMED.**