735 So.2d 933 (1999)
In re Donald EUGENE and Waylon Martin, et als.
v.
MARATHON OIL COMPANY, et als.
No. 99-CA-61, 99-CA-62.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
*934 Fred R. Defrancesch, LaPlace, for Appellants Donald Eugene and Waylon Martin.
Donna M. Young, David L. Carrigee, Andrew C. Wilson, New Orleans, for Appellee Marathon Oil Company.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, Judge.
Plaintiffs, Donald Eugene and Waylon Martin, appeal from the trial court judgment rendered in favor of defendant, Marathon Oil Company, granting defendant's motion to dismiss plaintiffs' class action petition. For the reasons which follow, we affirm.
On June 8, 1998, plaintiffs filed a Class Action Petition for Damages, alleging that they sustained injuries as a result of defendant's release of a cloud of sulfur dioxide on June 10, 1997. Defendant answered on September 1, 1998. On October 14, 1998, defendant filed a Notice of the Failure to Move for Class Certification and Motion to Dismiss the Class Action Petition. On October 30, 1998, plaintiffs filed a Motion to Consolidate their case with another case, Foster v. Marathon Oil, docket # 37052, 40th Judicial District Court (Foster case), involving the same gas release, but filed by different parties prior to plaintiffs' case. Following a hearing on defendant's Motion To Dismiss The Class Action Petition, the trial court, on November 3, 1998, signed a judgment granting the motion. After the signing of the judgment dismissing the class action petition, the trial court granted plaintiffs motion consolidating plaintiffs' individual claims with the previously filed Foster case. Plaintiffs appeal from the judgment dismissing their class action petition.
On appeal, plaintiffs argue that the trial court's judgment dismissing their class action petition should be set aside. They note that, after signing the judgment to dismiss the class action petition, the trial court signed plaintiffs' motion to consolidate their case with the Foster case. Plaintiffs argue that their case should now be governed by the procedural posture of the Foster case. We disagree.
La. C.C.P. art. 592, setting out the procedures to be followed for class action certification, provides in pertinent part:
A.(1) Within ninety days after service on all adverse parties of the initial pleading demanding relief on behalf of or against a class, the proponent of the class shall file a motion to certify the action as a class action. The delay for filing the motion may be extended by stipulation of the parties or on motion for good cause shown.
(2) If the proponent fails to file a motion for certification within the delay allowed by Subparagraph A(1), any adverse party may file a notice of the failure to move for certification. On the filing of such a notice and after hearing thereon, the demand for class relief may be stricken. If the demand for class relief is stricken, the action may continue between the named parties alone.
These provisions became effective on July 1, 1997. Acts 1997, No. 839, § 1. Plaintiffs filed their suit on June 8, 1998. Therefore, the statute is applicable to plaintiffs' case. In contrast, the Foster case was filed on June 10, 1997, prior to the effective date of La. C.C.P. art. 592, and is not governed by it.
Plaintiffs here, as provided by the statute, had 90 days from the date of service to file a motion to certify the class. Defendant was served with plaintiffs' petition on June 17, 1998. On October 14, 1998, more than 90 days after service of the petition, defendant filed a motion to dismiss the class action petition. The trial court heard the motion and granted it under La. C.C.P. art. 592. We find no error or abuse of discretion in that action.
*935 Plaintiffs made no showing of good cause why the class action petition should not be dismissed. Rather, the sole ground for their argument was that their case could be consolidated with the Foster case and governed by the procedural rules applicable to that case.
We find that plaintiffs' argument lacks merit because the Foster case, filed prior to the effective date of La. C.C.P. art. 592, is governed by different procedural rules. We find no error in the trial court action.[1]
Accordingly, for the reasons set out above, we affirm the trial court ruling granting defendant's motion to dismiss plaintiffs' class action petition for failure to timely move for class certification. Costs of appeal are assessed against plaintiffs.
AFFIRMED.
NOTES
[1] The Foster case has not yet moved forward with its request for class certification. Plaintiffs could fall within the "Foster class" depending on how or if the class is certified. Certification of the "Foster class" is not before us at this time.