# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-90


**GLORIA MARTELLO**

**VERSUS**

**CITY OF FERRIDAY, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 36358
HONORABLE CHARLES RAY BRACKIN, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## ELIZABETH A. PICKETT
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**REVERSED AND REMANDED.**

**Linda Suzanna Harang**
Law Offices of Linda S. Harang, LLC
5817 Citrus Blvd., Suite H
Jefferson, LA  70123
(504) 734-2486
 Counsel for Plaintiff/Appellant:
      Gloria Martello

 **Charles Shelby Norris, Jr.**
 Attorney at Law
 P. O. Box 400
 Vidalia, LA  71373
 (318) 336-1999
 Counsel for Plaintiff/Appellant:
      Gloria Martello

**Stephen B. Murray**
**Julie A. Jacobs**
Murray Law Firm
909 Poydras Street, Ste. 2550
New Orleans, LA  70112
(504) 525-8100
Counsel for Plaintiff/Appellant:
    Gloria Martello

**Robert E. Kerrigan, Jr.**
**Victor J. Franckiewicz, Jr.**
**W. Clay McGehee**
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, LA  70130
(504) 581-5141
Counsel for Defendant/Appellee:
    U.S. Filter Waste Water Group, Inc.

**John P. Wolff, III**
**Stephen R. Wilson**
**Nancy B. Gilbert**
**Anthony P. Iannitelli**
Keogh, Cox & Wilson, Ltd.
701 Main Street
P. O. Box 1151
Baton Rouge, LA  70821
(225) 383-3796
Counsel for Defendants/Appellees:
    Owen & White, Inc., Eugene H. Owen,
    Peter R. Hollis and Roy A. Waggenspack

**PICKETT**, Judge.

FACTS

On October 25, 1999, Gloria Martello filed a Petition for Damages and for Class Certification against the City of Ferriday (the City), the engineering firm that designed the city's water plant, Owen & White, Inc., and the manufacturer of the City's water treatment plant, U.S. Filter Waste Water Group, Inc. (U.S. Filter), seeking damages resulting from the failure of the Ferriday water plant to supply safe water. The case was certified as a class action by the district court on July 25, 2001.

On July 27, 2001, the plaintiffs filed a Motion and Order for Leave to File a Superceding, Consolidated and Amending Petition. In the amended petition, the plaintiffs named as defendants Eugene H. Owen, Peter R. Hollis and Roy A. Waggenspack, civil engineers employed by Owen & White, and involved in the design of the Ferriday water plant. The plaintiffs also alleged fraud against Owen & White and the three engineers. The defendants filed a suspensive appeal from the judgment certifying the class on August 9, 2001, which had the effect of staying all matters pertaining to the class action, including the motion to file an amended petition.

The class certification was affirmed by this court, and the Louisiana Supreme Court denied writs. *See Martello v. City of Ferriday*, 01-1240 (La.App. 3 Cir. 3/6/02), 813 So.2d 467, *writs denied*, 02-1002 (La. 6/7/02), 818 So.2d 769; 02-0990 (La. 6/7/02), 818 So.2d 770; 02-1514 (La. 6/7/02), 818 So.2d 771.

Following the denial of writs, the plaintiffs' Motion to Amend the Petition was heard on August 20, 2002. The trial court issued Reasons for Judgment granting the plaintiffs' motion on October 2, 2002. Owen & White and the three engineers were served with the amended petition on October 15, 2002. Thereafter, on November 20,

2002, defense counsel contacted the plaintiffs, seeking to settle the matter through mediation.  On April 10, 2003, the parties attempted to mediate the case; however, after five months of negotiations, they were unable to settle the matter.

On April 25, 2003, Owen & White filed a Notice of Failure to Move for Certification.  The defendants asserted that more than ninety days had passed since they received service of the plaintiffs amended petition that included a new allegation of fraud.  They contended that pursuant to La.Code Civ.P. art. 592(A)(1), the plaintiffs were required to move to certify the fraud claim as a class  action and requested a contradictory hearing for the purpose of determining whether the plaintiffs' fraud claim could be certified as a class action.  A hearing was held on the defendants' motion to strike on June 30, 2003.  On September 26, 2003, the trial court granted the defendants' Motion to Strike and dismissed the fraud allegations and the three engineers named as defendants from the class action proceedings.  It is from this judgment the plaintiffs appeal.

## ASSIGNMENTS OF ERROR

1. The plaintiffs (appellants) timely filed a motion for certification, as required by the Code.  Therefore, the trial court erred in holding that the plaintiffs (appellants) have to file another motion to add a fraud claim to the already certified case against parties who, according to the district court, "**have been fully aware of these proceedings from the outset**".  (emphasis in original)

2. The plaintiffs (appellants) had good cause for not filing a second motion to certify the fraud claim, because the case was already certified as a class action against the parties toward whom the fraud claim was being directed.  Therefore, the trial judge erred in dismissing the class-wide allegations of fraud against Owen & White and the three engineers based on a strict application of the "90-day rule".

# DISCUSSION

In their first assignment of error, the appellants argue that the trial court erred in dismissing their fraud claim and the three engineers from the class action proceeding on the grounds that they failed to timely file a second motion to certify. The issue before us is whether, under the provisions of La.Code Civ.P. art. 592(A)(1), additional hearings for certification are necessary when a plaintiff adds new defendants and claims to a class action that has been previously certified. This issue has not previously been addressed by a Louisiana court.

The Louisiana Code of Civil Procedure provides for class actions, setting forth guidelines for class certification in Articles 591 through 597. One of the fundamental objectives of a class action is to achieve economy of time, effort and expense. *McCastle v. Rollins Envtl. Serv. of Louisiana, Inc.,* 456 So.2d 612 (La.1984). Louisiana Code of Civil Procedure Article 592(A)(1) provides:

> Within ninety days after service on all adverse parties of the initial pleading demanding relief on behalf of or against a class, the proponent of the class shall file a motion to certify the action as a class action. The delay for filing the motion may be extended by stipulation of the parties or on motion for good cause show.

> Louisiana Code Civil Procedure Article 592(A)(3)© provides:

> In the process of class certification, *or at any time thereafter*, before a decision of the merits of the common issues, the court may restrict, or otherwise redefine the constituency of the class *or the issues to be maintained in the class action.*

(Emphasis added.)

It is not uncommon for an initial petition in a class action to be amended, sometimes several times, prior to a determination on the merits. Louisiana Code of Civil Procedure Article 592(A)(1) does not require that a new certification hearing be requested each time a petition is amended, either to add an additional defendant

or to set forth a new cause of action. The clear wording of Article 592(A)(1) requires that a motion to certify the action as a class action must be filed "within ninety days after service on all adverse parties of the initial pleading . . . ." The initial pleading in this matter is the Original Petition filed October 25, 1999. A Motion to Certify that action as a class action was timely filed on January 24, 2000.

As there is no codal provision that requires a new certification hearing when a previously certified class suit is amended, the trial court erred in dismissing the plaintiffs' fraud claim and the three engineers from the class action suit.

Because we find Article 592(A)(1) does not require a new motion to certify when an initial petition is amended, the plaintiffs' second assignment of error is moot.

## DECREE

The trial court erred in dismissing the plaintiffs' fraud claim and in dismissing Eugene H. Owen, Peter R. Hollis and Roy A. Waggenspack from the class action suit. The judgment of the trial court is reversed and remanded. The costs of this appeal are to be borne by the defendants-appellees.

**REVERSED AND REMANDED**.