FREDERICKA HOMBERG WICKER, Judge.
 

 | .qPlaintiff/Appellant Julius B. Sellers, Jr., representing that he is proceeding in his personal and representative capacity, has taken a devolutive appeal from the judgment of October 10, 2007 that granted the defendants’ motions to strike his demand for class action status and to dismiss all class action claims. The judgment also denied Mr. Sellers’s
 
 [1]
 
 motion to certify the class as moot. Defendant/Appellee the Pontchartrain Levee Board (the Board) has filed an answer to the appeal. The Board challenges the trial judge’s denial of its exceptions of prescription and no |4cause of action. The Board has also filed exceptions of prescription and no cause of action in this court. For the reasons that follow, we affirm the judgment denying class action status. We dismiss the Board’s answer and exceptions.
 

 Procedural History
 

 On November 22, 2005, Mr. Sellers fax filed a petition for damages in which he alleged the petition was filed on behalf of a class of persons with common claims, against several defendants, including Shell Chemical, L.P., formerly Shell Chemical Company; Motiva Enterprises, LLC; Mo-tiva Company; and, “State of Louisiana, Pontchartrain Levee Board.”
 
 [2]
 
 Thereaf
 
 *725
 
 ter, the Clerk of Court date stamped the petition on November 28, 2005. The Moti-va and Shell defendants are hereinafter referred to collectively as “Shell”.
 

 Mr. Sellers alleged that the defendants were liable
 
 in solido
 
 for the “taking” of the putative class members’ land, including cost of cleanup and restoration, and punitive damages.
 

 In particular, he claimed that the land in question had been contaminated and polluted by the corporate defendants. He alleged that in 1971, the Board acquired property from Mr. Sellers and members of the class. He further alleged that the acquisition was for the purpose of building a levee along Lake Pontchartrain compatible with the levee in Jefferson Parish. The construction would have insulated the tract from erosion and fostered a residential and commercial development in St. Charles Parish as in Jefferson Parish. But, the levee was never built on the acquired land and the land has never been returned to the plaintiff and the class vendors.
 

 | r,In addition, Mr. Sellers alleged that the defendants conspired to prevent levee construction on the acquired land in order to insulate the chemical industry from development around their plants. The defendants so conspired because they knew development around the plants would result in potential liability because of the chemical companies’ unrestrained dumping of hazardous chemicals into the tract. The corporate defendants’ knowing pollution as well as the corporate defendants and board’s inverse condemnation of the class’s property by failing to construct a levee along Lake Pontchartrain north of the class’s property rendered the class’s property worthless.
 

 Mr. Sellers alleged that he and the class did not discover and could not have discovered the effect of the defendants’ actions on the tract until less than a year before the filing of the suit.
 

 In January and February 2006, the case was removed and then remanded to state court. Later that year, the trial judge granted exceptions of vagueness and ambiguity filed by the Board and Shell. He granted the plaintiff leave to amend the petition.
 
 [3]
 
 In February 2007, Mr. Sellers responded to the judgment by filing his first supplemental and amending petition.
 

 Approximately three weeks later, Shell filed a motion to strike the demand for class relief and dismiss all class action claims under La.C.C.P. art. 592(A)(1) as untimely. Shell also filed a motion to reset its peremptory exception of prescription. Shell reurged its exception of no cause of action and excepted to both the original and supplemental petitions.
 
 [4]
 

 IfiOn June 18, 2007, Mr. Sellers filed a second supplemental and amending petition, which among other things, added additional defendants. He added Motiva En
 
 *726
 
 terprises, LLC, a partnership between Shell Chemical, L.P. and Armeo, Inc., General Partners. He also added Shell Oil Company.
 

 On July 6, 2007, Mr. Sellers filed his third supplemental and amended petition. He added additional defendants Motiva, Enterprises LLC, Texaco Inc., Shell Oil Co. and Saudi refining Inc., a joint venture, in their individual corporate capacities and in their partnerships and joint venture capacities.
 

 On July 24, 2007, Mr. Sellers moved to certify the class.
 

 The Board and Shell moved to dismiss Mr. Sellers’s motion to certify the class.
 

 On October 10, 2007, the trial judge rendered judgment, which among other things, denied the class certification. Mr. Sellers filed a petition for devolutive appeal from the judgment denying class action status.
 

 The Board filed a notice of intent to seek a supervisory writ from the October 10, 2007 judgment denying its exception of prescription. This Court denied the writ as untimely.
 
 Julius B. Sellers, Jr., Individually And on Behalf of a Class of Persons with Common Claims v. El Paso Industrial Energy, L.P., Shell Chemical, L.P., Motiva Enterprises, L.L.C., Motiva Company, BP Amoco Chemical Company, State of Louisiana, Pontchartrain Levee Board,
 
 08-217 (La.App. 5 Cir. 4/21/00) (unpublished).
 

 The Board timely filed its answer to the appeal and exceptions.
 

 Timeliness
 

 La.C.C.P. art. 592(A) provides for a class certification procedure as follows:
 

 A. (1) Within ninety days after service on all adverse parties of the initial pleading demanding relief on behalf of or against a class, the | proponent of the class shall file a motion to certify the action as a class action. The delay for filing the motion may be extended by stipulation of the parties or on motion for good cause shown.
 

 (2) If the proponent fails to file a motion for certification within the delay allowed by Subparagraph A(l), any adverse party may file a notice of the failure to move for certification. On the filing of such a notice and after hearing thereon, the demand for class relief may be stricken. If the demand for class relief is stricken, the action may continue between the named parties alone. A demand for class relief stricken under this Subparagraph may be reinstated upon a showing of good cause by the proponent.
 

 (3)(a) No motion to certify an action as a class action shall be granted prior to a hearing on the motion. Such hearing shall be held as soon as practicable, but in no event before:
 

 (i) All named adverse parties have been served with the pleading containing the demand for class relief or have made an appearance or, with respect to unserved defendants who have not appeared, the proponent of the class has made due and diligent effort to perfect service of such pleading; and
 

 (ii) The parties have had a reasonable opportunity to obtain discovery on class certification issues, on such terms and conditions as the court deems necessary.
 

 (b) If the court finds that the action should be maintained as a class action, it shall certify the action accordingly. If the court finds that the action should not be maintained as a class action, the action may continue between the named parties. In either event, the court shall give in writing its findings of fact and reasons for
 
 *727
 
 judgment provided a request is made not later than ten days after notice of the order or judgment. A suspensive or devolutive appeal, as provided in Article 2081 et seq. of the Code of Civil Procedure, may be taken as a matter of right from an order or judgment provided for herein.
 

 It is undisputed that Mr. Sellers filed his initial pleading demanding relief on behalf of a class in November 2005 and that all adverse parties named in that petition were served before January 2006. Mr. Sellers did not file his motion to certify until July 24, 2007, which was well beyond 90 days after January 2006. The record reflects that Mr. Sellers filed his third amended petition on July 6, 2007. He filed his motion to certify 18 days later on July 24, 2007.
 

 |RIn the proceedings below, Mr. Sellers argued that the time limitation was discretionary. He stated he learned on May 10, 2007 from a newspaper article published in The Times Picayune and attached as Exhibit A to his memorandum, that the Shell refinery was operated by the defendants he joined as the defendants in his second supplemental petition. He asserted that he was prevented from moving for class certification under Article 592(A)(3)(a)(i), which requires a hearing, until the partnership had been served with the pleadings or made an appearance and neither of these events had yet occurred. He stated that he would move for class certification within 90 days of service or appearance of the additional defendants — the partnership and general partners.
 
 [5]
 

 In essence, Mr. Sellers argued that Article 592(A)(3)(a) provides that no motion to certify a class action shall be granted prior to a hearing on the motion. And under Section (3)(a)(i), the hearing could not occur until there had been service on all of the defendants. Thus, to file the motion before his amendment to add additional defendants would have been useless. He argued that the 90-day time delay conflicted with Section (8)(a)(i and ii).
 

 In granting the motion to strike, the trial judge found that Article 592(A)(1) clearly states that a class plaintiff has 90 days from service of all adverse parties named in the initial pleading to file a motion to certify a class. The court found that the plaintiff failed to show good cause for filing an untimely motion to certify the class. He granted Shell’s motion to strike the demand for class relief and to dismiss all class- action claims. He granted the Board’s motion to dismiss the plaintiffs motion to certify the class. He denied the plaintiffs motion to certify the class as moot.
 

 IsMr. Sellers presents the following arguments on appeal: (1) The denial of his class action status is a vain and useless act and an abuse of discretion. (2) The 90-day period is discretionary and not mandatory. (3) The motion to certify was timely because the supplemental and amending petitions related back to the first petition. (4) He timely filed the motion within the 90-day period provided by Article 592 when he filed his second and third amended petitions where he joined additional defendants. (5) He was prohibited from moving for class certification under Article 592(A)(3) until the partnership and the general partners were served with the pleadings or made an appearance — neither of which occurred as of the date of the hearing.
 

 
 *728
 
 Mr. Sellers points out that the motions challenging class certification were not filed until approximately 16 and 21 months after he filed his November 2005 petition asserting class action allegations. Mr. Sellers argued in the proceedings below that the defendants were not surprised by his motion to certify class action.
 

 We first point out that pleadings that set forth class claims are distinct from the required motion for class certification.
 
 Escoe v. State Farm Fire & Casualty Co., et. al,
 
 2007 WL 2903048, *2 (E.D.La.2007). Article 592(A)(1) clearly envisions an initial pleading that demands relief on behalf of or against a class and a subsequent and separate motion for certification of the class.
 
 Id.
 
 As explained by
 
 Escoe:
 

 [I]f a defendant’s knowledge of plaintiffs intention to move to certify the class, based on class allegations in a petition or complaint, served to excuse a timely motion to that effect, the rules would be meaningless; no plaintiff would be required to file a motion within the time limit because a defendant would always be on notice based on allegations in the complaint.
 

 Id.
 

 | inMr. Sellers argues that the denial of his class action status is a vain and useless act and an abuse of discretion because another member of the putative class can file a class action petition. Louisiana courts, however, do not use this “vain and useless standard.” Instead, the courts use the standard for dismissal that is set forth in the codal provision.
 

 In
 
 Eugene v. Marathon Oil Company,
 
 99-61 (La.App. 5 Cir. 5/19/99), 735 So.2d 933, 934, the plaintiffs appealed a judgment that granted the defendant’s motion to dismiss their class action. This Court affirmed the judgment. The court applied the 90-day requirement of Article 592(A). In that case, as in the present one, the plaintiffs did not file a motion to certify within the requisite time period. The plaintiffs’ sole ground for the basis that the trial judge erred was that their case could be consolidated with another case that was subject to prior Article 592, which did not set forth a 90-day requirement. This Court disagreed and held that the 1997 amendment to Article 592, by 1997 La. Acts, No. 839, § 1 applied to the plaintiffs’ case. The court found that the plaintiffs made no showing of good cause why the class action petition should not be dismissed. 99-61 at 2-4, 735 So.2d at 934-35.
 

 In
 
 Grader v. Pinnacle Entertainment Inc.,
 
 06-136 (La.App. 3 Cir. 5/31/06), 931 So.2d 535, the plaintiffs appealed the trial judge’s ruling granting the defendants’ motion to dismiss the plaintiffs’ class action petition for failure to timely move for certification of the action as a class action under Article 592(A)(1). In that case, the trial judge found no good cause for the delay. The plaintiffs argued on appeal that the trial judge applied the wrong legal standard. 06-136 at 1-2, 931 So.2d at 535. The plaintiffs filed a motion to certify the class action a little over three months after the defendants were served. 06-136 at 2, 931 So.2d at 537. Relying on its earlier pronouncement in
 
 Martello v. City of Ferriday, 04
 
 -90, p. 2 (La.App. 3 Cir. 11/3/04), 886 So.2d 645, 648,
 
 units denied,
 
 04-2964, 04-2976 (La.2/25/05), 894 So.2d 1147, 1148, the
 
 Crader
 
 court reaffirmed that the clear wording of Article 592(A)(1) requires that a motion to certify the action as a class action must be filed within 90 days after service on all adverse parties of the initial pleading. 06-136 at 2, 931 So.2d at 537 (Internal quotation marks omitted).
 

 Therefore, pursuant to the clear wording of Article (A)(1), Mr. Sellers’ motion to certify was untimely.
 

 
 *729
 
 In
 
 Stefanias v. Certain Underwriters at Lloyd’s London,
 
 2007 WL 1827202, *1-2 (E.D.La.2007), the United States District Court for the Eastern District of Louisiana considered Article 592’s timeliness provision. The court struck the demand for class action relief because the motion to certify was not timely filed; the parties had not stipulated to an extension of time, and the mover had not shown good cause.
 

 In
 
 Escoe v. State Farm Fire & Casualty Co., et. al.,
 
 2007 WL 2903048 (E.D.La. 2007), the United States District Court for the Eastern District of Louisiana held that the local rule, which was similar to Article 592, imposed by its plain language a requirement that the plaintiff move to certify the class within 90 days of his amended petition in which he first made class allegations. 2007 WL 2903048, * 2. In that case, plaintiffs motion was untimely. Further, the plaintiff never requested an extension of time in which to file his motion. The court noted that in support of his motion, the plaintiff argued he was delayed in filing for various reasons. The court opined that there was no indication that any such delay posed a significant barrier to filing the motion. 2007 WL 2903048, * 2, n. 1.
 

 Thus, the
 
 Stefanias
 
 and
 
 Escoe
 
 courts’ strict application of the 90-day requirement is similar to Louisiana jurisprudence applying Article 592.
 

 | ^Furthermore, a plaintiff is required to show good cause why the class action petition should not be dismissed when the defendant files a motion to dismiss based on failure to comply with the procedure set forth in Article 592(A)(1).
 
 Crader, supra, citing Eugene, supra
 
 with approval. 06-136 at 3, 931 So.2d at 537.
 

 In the present case, Mr. Sellers argues that Article 592(A)(3)(a)® prohibited him from filing his motion until he filed the amended petitions because the required hearing could not be held until “[a]ll named adverse parties have been served with the pleading containing the demand for class relief or have made an appearance.” Article 592(A)(3)(a)®. And he moved for class certification on July 22, 2007 within 90 days of the filing of the second supplemental petition joining the partnership and the general partners.
 

 In
 
 Martello, supra,
 
 the Third Circuit considered the issue of whether, under Article 592(A)(1), additional hearings for certification were necessary when a plaintiff added new defendants and claims to the class action that had been previously certified. The court held that the codal provision does not require a new certification hearing when a previously certified class suit is amended. Thus, the trial court erred in dismissing one of the plaintiffs’ claims and three defendants from the class action suit. 04-90 at 2-4, 886 So.2d at 647-48.
 

 We hold that Mr. Sellers was not prohibited from moving for class certification until the partnership and the general partners were served with the pleadings or made an appearance. Article 592 does not require a new certification hearing when a previously certified class suit is amended.
 
 Martello, supra,
 
 04-90 at 2-4, 886 So.2d at 647-48.
 

 In
 
 Crader, supra,
 
 the plaintiffiappellant made the same argument that Mr. Sellers makes here — that Article 592(A)(2) states “the demand for class relief may be stricken” rather than it shall be stricken. In
 
 Crader,
 
 as in the instant case, the 113appellants argued that dismissal was not mandated. The
 
 Crader
 
 court opined that the plaintiffs had failed to file a motion to extend the time delay and also had failed to present evidence showing good cause for the failure to timely file the motion to certify. The court saw no reason why the plaintiffs were prevented from filing a mo
 
 *730
 
 tion for class certification within the 90-day period such that the delay should be extended. The court found no abuse of the trial judge’s discretion in failing to find good cause. 06-136 at 3, 931 So.2d at 537
 

 Similarly, we find that Mr. Sellers has failed to show that he was prohibited from filing a motion to certify within the 90-day period. The codal provision did not prohibit him from doing so.
 

 Mr. Sellers argues that his amending petitions “relate back” to his first petition and therefore he timely filed the motion to certify within 90 days of the supplemental petitions.
 

 We are unpersuaded by Mr. Sellers’ argument that his motion is timely because it was filed within 90 days of the amended petitions. Article 592(A)(1) clearly states that the motion must be filed within 90 days of service on all adverse parties of the initial pleading demanding relief on behalf of or against a class. If Article 592 were intended to apply to all subsequent amended petitions, it would have so stated. It did not. In
 
 Howard v. Gutierrez,
 
 474 F.Supp.2d 41, 54 (D.D.C.Cir.2007),
 
 reconsideration denied,
 
 503 F.Supp.2d 392 (D.D.C.2007), the D.C. Circuit Court of Appeals rejected a similar argument in considering its Local Rule 23.1(b)’s 90-day requirement. The court noted that to hold otherwise would essentially render the local rule without its legal effect because the plaintiff could circumvent the timeliness provision by filing amended petitions.
 
 Id.
 
 at 54-55.
 

 |14In summary, we conclude that the trial judge did not err in finding the motion to certify was untimely. We also conclude that the trial judge did not abuse his discretion in finding that Mr. Sellers failed to show good cause for the delay.
 

 The remaining issue concerns the Board’s answer to the appeal and the exceptions.
 

 Answer to Appeal/Peremptory Exceptions
 

 Mr. Sellers has appealed from that portion of the October 10, 2007 that granted the Board’s motion to strike his demand for class action status. That same judgment denied, among other preliminary matters, the Board’s exceptions of prescription and no cause of action. That judgment, however, did not decide the merits of Mr. Sellers’ claims in whole or in part.
 

 La.C.C.P. art. 1841 provides:
 

 A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
 

 A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
 

 A judgment that determines the merits in whole or in part is a final judgment.
 

 The October 10, 2007 judgment that denied class action status and overruled the Board’s exceptions was an interlocutory judgment. An interlocutory judgment is appealable only when expressly provided by law. La.C.C.P. art. 2083(C). Therefore, unless “expressly provided by law,” the denial of the exceptions and the denial of class action status are not appealable.
 

 La.C.C.P. art. 592(A)(3)(b), however, expressly provides jurisdiction to entertain Mr. Seller’s interlocutory appeal from the denial of class certification. The article provides for a certification procedure for class actions. It affords “[a] | ^suspensive or devolutive appeal, as provided in Article 2081, et. seq. of the Code of Civil Procedure, [which] may be taken as a matter of
 
 *731
 
 right from an order or judgment provided for herein.” The order or judgment provided for is one that either grants or denies class certification. La.C.C.P. art. 592(A)(3)(b). On the other hand, the legislature did not include the right to appeal any other interlocutory judgment, such as the peremptory exceptions that were filed in this case. As a result, we have no appellate jurisdiction to consider an appeal from the denial of the exceptions.
 

 But the Board did not appeal the judgment. Instead, it filed an answer to the appeal. So we must first determine whether we have appellate jurisdiction to consider the Board’s answer to the appeal since the answer challenges the interlocutory, nonappealable rulings denying the peremptory exceptions.
 

 The Board seeks to modify the October 10th judgment insofar as it denied the exceptions. Under La.C.C.P. art. 2133 an answer to an appeal is in the character of a cross appeal in which the appellee takes advantage of an appeal entered and perfected by an appellant, in the hope of procuring an alteration or amendment of the judgment rendered in a manner beneficial to the appellee.
 
 Francois v. Ybarzabal,
 
 483 So.2d 602, 605 (La.1986) (Internal quotations and citation omitted). Thus, the Board’s answer is in the character of an appeal on its part from that portion of the judgment rendered against him in favor of the appellant and of which he complains in the answer. As such, we lack appellate jurisdiction to consider what is in essence a cross appeal.
 

 We distinguish, however, the present
 
 restricted
 
 appeal from an
 
 unrestricted
 
 appeal. When an
 
 unrestricted
 
 appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment from which the party 11fihas taken the appeal.
 
 Sporl v. Sporl,
 
 00-1321 (La.App. 5 Cir. 5/30/01), 788 So.2d 682, 683-84,
 
 unit denied,
 
 01-1926 (La.10/12/01), 799 So.2d 506 (Citation omitted).
 

 In
 
 Trahant v. Perez,
 
 02-1414, p. 8 (La. App. 4 Cir. 3/19/03), 843 So.2d 479, 484, the Fourth Circuit considered an authorized appeal pursuant to La.C.C.P. art. 1915(A)(6) — an appeal that “imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).” La.C.C.P. art. 1915(A)(6). In that appeal, the appellant appealed the judgment of the trial court granting the plaintiffs rule for contempt and sanctions against the appellant. However, the appellant also filed the exception of no cause of action in the appellate court. The court found that it lacked jurisdiction to consider the exception and dismissed it. It concluded that since the appeal was a restricted appeal of the contempt judgment, the appellant had no right as of yet to appeal the interlocutory judgment on the exception of no cause of action.
 

 The court also concluded that La. C.C.P. art. 2163, which provides in pertinent part that “[t]he appellate court may consider the peremptory exception filed for the first time in that court,” was inapplicable. The court held that the legislative grant of appellate authority to consider peremptory exceptions that are filed for the first in that court “assumes that at the time the exception is filed the appellate court has jurisdiction over the action or proceeding to which exception is taken.” 02-1414 at 9, 843 So.2d at 484
 
 (quoting Toledo Bend Proprietors v. Sabine River Authority,
 
 395 So.2d 429, 432 (La.App. 3 Cir.1981),
 
 unit denied,
 
 400 So.2d 903 (La.1981)).
 

 Similarly, in this case, the principal demand has not been tried on its merits and no final judgment has yet been rendered. Therefore, in this
 
 restricted
 
 appeal, we
 
 *732
 
 lack jurisdiction to consider the peremptory exceptions. Moreover, the sole | tissue on appeal is whether the trial judge abused his discretion in granting the motion to strike class certification as untimely. Thus, the peremptory exceptions are unrelated to the issue of timeliness.
 

 This court has discretion to convert an appeal to an application for supervisory writs.
 
 Stelluto v. Stelluto,
 
 05-0074, p. 7 (La.6/29/05), 914 So.2d 34, 39. In the present case, the Board attempted to seek supervisory writs from the October 10, 2007 interlocutory ruling. However, the Board’s notice of intent was filed on January 9, 2008, beyond the 30-day delay provided for seeking supervisory writs.
 
 See,
 
 Rule 4-3, Uniform Rules of Court-Courts of Appeal, and La.C.C.P. art. 1914. We denied the untimely writ on the basis that we lacked jurisdiction to review the writ application.
 
 Julius B. Sellers, Jr., Individually And on Behalf of a Class of Persons with Common Claims v. El Paso Industrial Energy, L.P., Shell Chemical, L.P., Motiva Enterprises, L.L.C., Motiva Company, BP Amoco Chemical Company, State of Louisiana, Pontchartrain Levee Board,
 
 08-217 (La.App. 5 Cir. 4/21/00) (unpublished).
 

 Moreover, the Board filed its answer to the appeal and exceptions on May 20, 2008, well beyond the 30-day time delay for seeking supervisory writs. If viewed as an application for writs, the application was still untimely. Therefore, under these circumstances, we decline to exercise our discretion to convert the answer to a supervisory writ.
 

 Accordingly, the answer to the appeal is dismissed for lack of jurisdiction.
 

 Our finding that we lack jurisdiction to entertain the answer and exceptions at this time does not, however, preclude the Board from reurging the exceptions in the trial court. These interlocutory rulings do not constitute final judgments. Thus, the Board can reurge the exceptions. Also, once the demand for class certification is stricken, “the action may continue between the named parties alone.” La.C.C.P. | isart. 591(A)(2). Thus, should the other alleged plaintiffs file individual petitions, the Board can, if necessary, reurge the exceptions to these petitions as well.
 

 Decree
 

 Accordingly, for the reasons stated, the judgments granting the defendants’ motion to strike class certification and denying the plaintiffs motion for class certification is affirmed. The Board’s answer and peremptory exceptions are dismissed.
 

 ANSWER TO APPEAL, EXCEPTIONS OF NO CAUSE OF ACTION AND PRESCRIPTION DISMISSED; JUDGMENT DENYING CLASS ACTION STATUS AFFIRMED.
 

 [1]
 

 . The case has not been certified as a class action despite Mr. Sellers's representation that he is proceeding in his representative capacity. Therefore, because only Mr. Sellers has appealed, it is proper that we solely address his claim.
 

 [2]
 

 . Pursuant to the plaintiff’s motions, defendants BP Amoco Chemical Company, former
 
 *725
 
 ly Amoco Chemical Company and El Paso Industrial Energy, L.P., formerly Valero Industrial Gas, L.P., were dismissed on August 28, 2007 and November 2, 2006, respectively.
 

 [3]
 

 . The trial judge also overruled the exceptions of no cause of action filed by the Board and Shell. The court overruled Shell’s exceptions of prematurity and no right of action. The court pretermitted the exceptions of prescription filed by the Board and Shell pending amendment of the petition. The State's exception of no cause of action was continued without date because the State did not appear.
 

 [4]
 

 . On May 18, 2007, the State of Louisiana and the State of Louisiana, through the Department of Environmental Quality, joined in and adopted Shell’s motion to strike the demand for class action, the exception of no cause of action and the exception of prescription.
 

 [5]
 

 . Shell asserted that Motiva enterprises, LLC, the party that owns and operates the Shell refinery, was named in the original petition and had been served and made an appearance. It is not a partnership and it has no general partners.