STEWART, J.
 

 1 jThe plaintiffs appeal two judgments, one denying their motion for class certification and one sustaining the peremptory exception of no right of action in favor of American Bank and Trust Company (“American”), a defendant herein. For reasons explained in this opinion, we affirm the judgment in favor of American, but we reverse the judgment that denied certification and remand for further proceedings.
 

 FACTS
 

 On March 26, 2008, Mary Susan Darnell Smith (“Smith”), through her agent Suzanne Smith Upchurch, filed a class action complaint against McGuire Funeral Home, Inc., and William J. McGuire (referred to together as “McGuire”); Citizens Bank & Trust Company of Vivian, Louisiana, Inc. (“Citizens”); Regions Bank (“Regions”); Capital One, National Association (“Capital One”); First Guaranty Bank (“First Guaranty”); and American. The petition was later amended to add Elbert Neuman Graves and Linda Wallace Hooper as plaintiffs and purported class representatives along with Smith. Susan B. McGuire was added as a defendant.
 

 The gist of the complaint is that McGuire sold prepaid funeral services to the plaintiffs and other putative class members. He deposited their payments into certificates of deposit with one or more of the banks named as defendants. The majority of the certificates of deposit were under names styled, “McGuire Funeral Home, Inc.,” followed by either “POD,” meaning payable on death, or “FBO,” meaning for the benefit of, or simply “for,” followed by the name of individual whose prepaid funeral funds were being held on deposit. Without presentation of a death certificate as | ^required by La. R.S. 37:861, the law governing prepaid funeral services, and in breach of the banks’ contracts, namely, the certificates of deposit, McGuire was allowed by the banks to withdraw the funds, which he converted and appropriated for his own use. The plaintiffs assert that by accepting the deposits, the defendant banks became solidarity liable with McGuire.
 

 
 *878
 
 By a motion for class certification filed on May 30, 2008, plaintiffs are seeking to certify a class defined as “[a]ll individuals from whom [McGuire] appropriated and converted funds collected by him for prepayment of funeral expenses.” The motion asserts that the common questions of law and fact include: (1) whether McGuire appropriated and converted funds of the class members in violation of La. R.S. 37:861; (2) whether the defendant banks released the class members’ funds in violation of La. R.S. 37:861 and the banks’ contracts; and (3) whether the defendant banks released funds belonging to the class members without obtaining death certificates.
 

 In addition to opposing class certification, the defendant banks filed various exceptions, including that of no cause of action, in response to the petition. Though the trial court overruled peremptory exceptions filed by Regions and Capital One, it sustained American’s peremptory exceptions in a judgment rendered August 19, 2010. A footnote to the judgment suggests that the trial court found merit with the exception of no right of action. American had argued that the plaintiffs did not have individual rights of action against it because their funds had not been deposited with it and that |3the allegation of soli-dary liability did not give the plaintiffs a right of action against it on behalf of the putative class members. The trial court noted its agreement with American’s argument by concluding that “no individual who had a certificate of deposit POD with American Bank and Trust has been named as a class representative and the solidary liability theory advanced by counsel is not authorized by Louisiana law.”
 

 Also on August 19, 2010, the trial court rendered a judgment denying the plaintiffs’ motion for class certification. In declining to certify the class action, the trial court found that the plaintiffs did not satisfy the prerequisites of La. C.C.P. art. 691(A). The trial court found the evidence insufficient to show that the class is so numerous and geographically dispersed that joinder would be impracticable, that the class representatives would adequately represent the putative class members, or that their claims are typical of those of the putative class members. The trial court was persuaded that different packages of evidence would be required for each class member’s claim, including separate reviews of each defendant bank’s contracts. Finally, the trial court found a lack of commonality in that “there are three different banks with three different contracts, three different bank policies, and somewhat varied causes of action levied against each of them.”
 

 Plaintiffs now appeal both judgments. We note that both Citizens and Capital One have been dismissed by the plaintiffs from the suit. Thus, Regions, First Guaranty, and American are the remaining bank defendants.
 

 14JUDGMENT GRANTING EXCEPTION
 

 An action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The peremptory exception of no right of action tests whether the plaintiff has a real and actual interest in the lawsuit. La. C.C.P. art. 927. It is used to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.
 
 Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com’n,
 
 94-2015 (La.11/30/94), 646 So.2d 885;
 
 Edmonds v. City of Shreveport,
 
 39,893, (La.App.2d Cir.8/31/05), 910 So.2d 1005,
 
 writ denied,
 
 2005-2324 (La.3/31/06), 925 So.2d 1255.
 
 *879
 
 Whether a plaintiff has a right of action is a question of law.
 
 Edmonds, swpra.
 

 At issue is whether the plaintiffs have a real and actual interest in a suit against American. Stated another way, do the plaintiffs belong to the class of persons to whom the law grants the cause of action asserted against American?
 

 Citing La. C.C. art. 1821 and
 
 Voros v. Dorand,
 
 08-667 (La.App. 5th Cir.5/26/09), 15 So.3d 1083, plaintiffs argue that the allegation of solidary liability between each bank and McGuire entitles them to represent the claims of putative class members whose prepaid funeral funds were deposited by McGuire with American even though their own prepaid funeral funds had not been deposited with American.
 

 In
 
 Voros, supra,
 
 an office manager of a medical practice stole money from the plaintiffs personal and business accounts at Bank of Louisiana. Both the office manager and the Bank of Louisiana were defendants. In Roverruling the Bank of Louisiana’s exception of prescription, the court found it to be a solidary obligor with the officer manager. As argued by the plaintiff and accepted by the court, the bank’s negligence and actions were intertwined with the actions of the office manager making them solidarily liable.
 

 In
 
 Voros, supra,
 
 the plaintiff had a banking relationship with the Bank of Louisiana. Here, the named plaintiffs have not alleged a relationship with American. There is no allegation that their prepaid funeral funds were ever deposited with American. Absent any connection or dealings with American, the plaintiffs do not have a real and actual interest in a suit against American. Only those persons whose prepaid funeral funds had been deposited by McGuire with American would have a real and actual interest in a suit against American.
 

 Plaintiffs also argue that because they seek to bring a class action, they have standing to sue American on behalf of the putative class members. In support of this argument, they cite a passage from
 
 Newberg an Class Actions,
 
 § 3:18, H. Newberg and A. Conte (4th Ed.2002), which addresses whether a plaintiff has standing to sue a defendant with whom he has had no business contact or dealings. The treatise suggests that standing may exist where the defendant’s conduct is part of a conspiracy. No conspiracy is alleged among the defendants named in this action.
 

 As did the trial court, we find that plaintiffs do not belong to the class of persons to whom the law grants the cause of action asserted against American in this suit. Thus, the peremptory exception was properly granted.
 

 JUDGMENT DENYING CERTIFICATION
 

 A trial court has wide discretion in deciding whether to certify a class, and its decision will not be overturned on appeal absent a finding of manifest error or abuse of discretion.
 
 Marsh v. USAgencies Cas. Ins. Co.,
 
 42,176 (La.App.2d Cir.5/16/07), 957 So.2d 901,
 
 unit denied,
 
 2007-1286 (La.10/26/07), 966 So.2d 575;
 
 Edmonds, supra.
 
 However, errors in deciding whether to certify a class should be made in favor of, rather than against, maintenance of a class action, because a class certification order is subject to modification.
 
 McCastle v. Rollins Environmental Services of Louisiana, Inc.,
 
 456 So.2d 612 (La.1984);
 
 Edmonds, supra.
 
 La. C.C.P. art. 592(A)(3)(c) allows the court to “alter, amend, or recall its initial ruling on certification” and to “enlarge, restrict, or otherwise redefine the constituency of the class or the issues” any time
 
 *880
 
 before rendering a decision on the merits of the common issues.
 

 The class action is a procedural device, and the question before the court when reviewing a judgment on class certification is whether the case is one in which the procedural device of a class action is appropriate.
 
 Marsh, swpra.
 

 The party seeking certification must prove that the statutory prerequisites set forth in La. C.C.P. art. 591 are met.
 
 Howard v. Willis-Knighton Medical Center,
 
 40,634 (La.App.2d Cir.03/08/06), 924 So.2d 1245,
 
 writs denied
 
 2006-0850 (La.06/14/06), 929 So.2d 1268 and 2006-1064 (La.6/14/06), 929 So.2d 1271. This means that the plaintiffs must meet all the prerequisites of La. C.C.P. art. 591(A), which states:
 

 |7A. One of more members of the class may sue or be sued as representative parties on behalf of all, only if:
 

 (1) The class is so numerous that join-der of all members is impracticable.
 

 (2) There are questions of law or fact common to the class.
 

 (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
 

 (4) The representative parties will fairly and adequately protect the interests of the class.
 

 (5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
 

 Additionally, the action must fit under one of the categories set forth in La. C.C.P. art. 591(B). Because the trial court determined that the criteria of Subsection A were not satisfied, it did not reach the issue of whether certification was warranted under Subsection B. We will begin our review by examining whether the trial court’s finding that the plaintiffs did not satisfy the prerequisites of La. C.C.P. art. 591(A) is manifestly erroneous or an abuse of discretion.
 

 Numerosity
 

 To satisfy the numerosity requirement, plaintiffs must show that join-der is impracticable and that there is a definable group of aggrieved persons.
 
 Edmonds,
 
 39,893, p. 10, 910 So.2d at 1012,
 
 and cases cited therein.
 
 However, there is no requirement that every member of a potential class must be identified to obtain certification, and there is no set number of potential claimants that satisfies the nu-merosity requirement.
 
 Id.
 
 Rather, | Rwhether the class is so numerous that joinder is impracticable depends on the facts and circumstances of each case.
 
 Id.
 

 Whether the numerosity requirement is satisfied is based on the number of class members as well as considerations of judicial economy in avoiding multiple suits and the size of the individual claims.
 
 Howard, supra.
 
 The financial resources of the individual class members has also been mentioned as a factor for consideration.
 
 Husband v. Tenet HealthSystems Memorial Medical Center, Inc.,
 
 2008-1527 (La.App. 4th Cir.8/12/09), 16 So.3d 1220,
 
 writ denied,
 
 2009-2163 (La.12/18/09), 23 So.3d 949.
 

 Plaintiffs assert that there may be at least 100 potential class members based on the number of certificates of deposit cashed in by McGuire. Already, 47 potential claimants have contacted counsel and 34 of these have signed contracts with counsel for representation. The record suggests that most class members can be identified from either the banks’ records, McGuire’s records, or the records from McGuire’s bankruptcy proceeding. Because McGuire operated in Vivian, Louisiana, most of the claimants are likely to be
 
 *881
 
 located in the North Louisiana area. It also appears from the record that most of the individual claims are for less than $10,000. As stated in an affidavit by Billy Guin, an attorney contacted about taking Ms. Smith’s case, it would not have been “economically feasible” for him to litigate her small claim, so he sought to involve other counsel to handle Smith’s claim along with others as a class action. The testimony of Mr. Graves, who was then age 91 and living in an assisted living facility, and |9Ms. Upchurch on behalf of her mother, Ms. Smith, who was then age 94 and no longer able to understand the legal proceedings, demonstrates that the potential class members are elderly and most likely in poor health with little ability and financial resources to pursue their individual claims. Ms. Upchurch testified that her mother, Ms. Smith, spent the last of her money to purchase the prepaid funeral services from McGuire.
 

 Considering the facts and circumstances of this matter, we find that the plaintiffs’ proposed class action satisfies the numerosity requirement. Already, 34 individuals have sought to be represented, and the record suggests that the class size is likely to increase. That the class does not include greater numbers at present and that it appears to involve individuals in a discrete geographic area do not alone control whether numerosity is satisfied. Both the size of the individual claims and the financial resources of the class members are factors to be considered in determining whether numerosity is satisfied. These factors weigh strongly in favor of finding numerosity satisfied in this case wherein there appear to be significant challenges to the pursuit of individual claims by the elderly putative class members. In light of the factors mentioned, we find that there is a sufficient number of class members such that joinder of individual claims would be impracticable.
 

 Commonality
 

 As required by La. C.C.P. art. 591(A)(2), the plaintiffs must show that there are questions of law or fact common to the class. A common question is one which when answered as to one class member is answered as | into all.
 
 Marsh, supra; Howard, supra.
 
 The commonality test is not demanding and requires only that there be at least one issue, the resolution of which will affect all or a significant number of the putative class members.
 
 Marsh,
 
 42,176, p. 9, 957 So.2d at 908,
 
 and cases cited therein.
 

 Plaintiffs argue that the trial court erred in finding that it would have to review each bank’s contracts to determine liability. They assert that the only question is whether the bank defendants are liable to the putative class members for having cashed the certificates of deposit without requiring a death certificate as required by law.
 

 The law that the plaintiffs refer to is La. R.S. 37:861,
 
 [1]
 
 which requires the seller of prepaid funeral services to deposit the amounts paid for such services into individual accounts in the joint name of the seller and purchaser for the exclusive use and benefit of the purchaser. La. R.S. 37:861(A)(l)(a). Specific to this matter, the statute states that the seller of prepaid funeral services or merchandise “may withdraw the funds only at the death of
 
 *882
 
 the purchaser by presentation of a death certificate copy and a certified funeral statement for the amount to be withdrawn, together with other requirements of the financial institution.” La. R.S. 37:861(A)(l)(a). Thus, the withdrawal of prepaid funeral funds has three requirements, namely, presentation of a copy of the death certificate, presentation of a certified funeral statement, and satisfaction of other requirements of the financial institution.
 

 |nThe trial court has twice denied exceptions challenging whether the plaintiffs have a cause of action against the defendant banks under La. R.S. 37:861. Neither the merits of these exceptions nor the merits of the plaintiffs’ claims are before us for review. Our only concern in this procedural matter is the judgment denying class certification and, particularly, whether there are questions of law or fact common to the class. Plaintiffs are seeking recovery of their prepaid funeral funds stolen by McGuire. They allege that the banks became solidarily liable with McGuire by accepting the deposits from McGuire and then allowing him to withdraw the funds in violation of La. R.S. 37:861 and their contracts.
 

 Whether the defendant banks are subject to the provisions of La. R.S. 37:861 and whether they allowed McGuire to close the certificates- of deposit or otherwise withdraw the prepaid funeral funds in violation of that statute are questions common to the class. The trial court erred in finding a lack of commonality based on the defendant banks having different contracts and policies and there being somewhat varied causes of action levied against them. Regardless of whether a certificate of deposit was written as one “POD,” “FBO” or “for,” the cause of action asserted by the plaintiffs is the same, and the same common questions exist regarding liability under La. R.S. 37:861. Resolution of these common questions will affect all of the putative class members. For these reasons, we find the commonality requirement satisfied.
 

 11¿Typicality and Adequacy of Representation
 

 To obtain class certification, the representative parties must have claims or defenses that, are typical of the claims or defenses of the class, and they must show that they will fairly and adequately protect the interests of the class. La. C.C.P. art. 591(A)(3) and (4).
 

 Typicality means that the representatives’ claims must be a cross section of the claims of the class members.
 
 Howard, supra.
 
 Typicality is satisfied if the representatives’ claims arise out of the same event, practice, or course of conduct that gives rise to the claims of the class members and if the claims are based on the same legal theory.
 
 Marsh, supra.
 

 While the claims of the plaintiffs and the putative class members do not arise out of the same event, the record shows that they arise from the same course of conduct or practice by McGuire and the defendant banks. This course of conduct or practice involves McGuire’s closure of accounts apparently without compliance with La. R.S. 37:861. The class members’ claims are based on the same legal theories, namely, noncompliance with La. R.S. 37:861 and violation of the banks’ certificate of deposit contracts or other applicable account contracts. We are not persuaded that typicality is lacking due to the fact that different banks’ contracts are involved. As previously stated, whether the bank account was one labeled “POD,” “FBO” or simply “for,” the underlying issue is whether the defendant banks were required to comply with La. R.S. 37:861.
 
 *883
 
 The record does not support the trial court’s finding that typicality is lacking.
 

 Factors that may be considered in assessing whether the class representatives will fairly and adequately represent the class include whether they can demonstrate an actual injury, whether they possesses firsthand knowledge or experience of the conduct at issue, whether their interest in the litigation is significant enough relative to that of the other class members to ensure their conscientious participation, and whether they have interests that conflict with those of the other class members, such as different claims, defenses, or requests for additional or special relief.
 

 Smith, Graves, and Hooper all claim actual injury, namely, the loss of their prepaid funeral funds due to the actions of McGuire and the defendant banks. Regions argues that because the plaintiffs’ funds were deposited at different banks, they do not have firsthand knowledge of the conduct at issue as it relates to each other or to the entire class. However, the plaintiffs’ testimony and depositions in the record show that none of them knew where McGuire deposited their prepaid funeral funds or had any contact with the banks relative to the accounts opened and closed by McGuire. The plaintiffs’ firsthand knowledge is of their dealings with McGuire when they purchased prepaid funeral services with the understanding that their money would be placed into an interest-bearing account to be withdrawn at their death. Each of the representative plaintiffs is seeking the same relief through this litigation, and the record does not show that they have interests that are in conflict with those of the putative class members.
 

 For these reasons, we find that the requirements of typicality and adequacy of representation are satisfied.
 

 Definition of the Class
 

 The last requirement of La. C.C.P. art. 591 is that the class be defined objectively in terms of ascertainable criteria to allow the court to determine the constituency of the class for purposes of the conclusiveness of any judgment. The class definition requirement ensures that the class is not amorphous, indeterminate, or vague so that any potential class member can readily determine if he or she is a member of the class.
 
 Husband, supra.
 

 According to the motion for class certification, plaintiffs seek to define the class as, “All individuals from whom William McGuire appropriated and converted funds collected by him for prepayment of funeral expenses.” The record shows that both the initial and amended complaints filed by plaintiffs include somewhat different proposed class definitions than the definition proposed in the motion for class certification. However, it is the motion for class certification that was denied by the trial court and that is before us for review. La. C.C.P. art. 592(A)(1) requires the proponent of the class to file a timely motion to certify the action as a class action. The law envisions a pleading that demands relief on behalf of a class and a separate motion seeking certification of the class.
 
 Sellers v. El Paso Industrial Energy, L.P.,
 
 08-403 (La.App. 5th Cir.2/10/09), 8 So.3d 723. Though the amended and supplemental petition filed after the motion for certification includes a different class definition, the motion for certification was not amended.
 

 In light of the class definition sought by the motion for certification, we find no merit to the defendants’ complaint that the class definition would not exclude persons who died and received a funeral but whose funds were withdrawn by McGuire without presentation of a death certificate in violation of La. R.S. 37:861. Clearly, no con
 
 *884
 
 version of the funds occurred in such instances, and no claim on behalf of such persons would be included in the class.
 
 [2]
 
 The proposed class definition is neither amorphous, indeterminate, nor vague. It satisfies the requirements of La. C.C.P. art. 591(A)(5).
 

 Being mindful that one should err in favor of, rather than against, maintaining a class action and having carefully reviewed the record in light of the applicable standard of review, we find that the trial court erred in concluding that the plaintiffs did not meet the burden of satisfying the criteria of La. C.C.P. art. 591(A) for maintaining a class action.
 

 La. C.C.P. Art. 591(B) Analysis
 

 Because the trial court found that the plaintiffs had not satisfied the requirements of La. C.C.P. art. 591(A), it did not consider whether the proposed class action fell under one of the categories set forth in La. C.C.P. 591(B). We must now conduct this analysis. The category applicable to this matter is La. C.C.P. art. 591(B)(3), which states:
 

 11fi(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
 

 (a)The interest of the members of the class in individually controlling the prosecution or defense of the separate actions;
 

 (b) The extent and nature of any litigation concerning the controversy already commenced by or against the members of the class;
 

 (c) The desirability or undesirability of concentrating the litigation in a particular forum;
 

 (d) The difficulties likely to be encountered in the management of a class action;
 

 (e) The practical ability of individual members to pursue their claims without class certification;
 

 (f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation.
 

 A three-step analysis is generally used to assess whether common issues predominate. This analysis requires the court to identify the substantive elements of the cause of action, to consider the proof necessary to meet the plaintiffs’ burden of proof as to those elements, and to evaluate the alternative procedural mechanisms for adjudicating the case in terms of promoting judicial economy.
 
 Marsh, supra, citing Howard,
 
 40,634, p. 33, 924 So.2d at 1264. The fact that each class member’s claim arose out of a separate transaction with the defendant is not necessarily dis-positive.
 
 Howard, supra.
 
 Even though a suit entails numerous individual issues, a
 
 *885
 
 single common issue may be the overriding one in the litigation.
 
 Id.
 

 117Here, the plaintiffs’ primary cause of action is centered on La. R.S. 37:861. They assert that the defendant banks are liable to them with McGuire for the conversion of their funds because they did not require him to present a death certifícate or otherwise meet the statutory requirements before allowing him to withdraw their prepaid funeral funds. We disagree with the defendants’ argument that individual issues predominate because a determination of liability will require the court to consider their contracts, policies and procedures regarding each individual account. Having reviewed the exhibits offered in evidence, particularly the various bank records, we find the existence of individual issues concerning the banks’ contracts, policies, and procedures to be overstated. Each bank’s accounts, records, policies, and procedures will be substantially the same for the accounts opened or closed by each. The predominant issue will be whether the banks violated La. R.S. 37:861 and can be held liable to the individual plaintiffs on the basis of that provision.
 

 As previously addressed, the putative class members are likely to be elderly individuals who will have difficulties pursuing individual claims. A class action will allow class representatives to pursue claims on behalf of those who cannot. The class members have suffered the same damages, namely, the loss of their prepaid funeral funds along with the loss of the security in knowing that their funeral arrangements had been made and paid for in full. No member appears to have an individual interest in controlling the litigation. Certifying the class will provide a fair and efficient adjudication of this controversy for both the plaintiffs and the defendants, 11swhose vigorous opposition to certification shows that they are up to whatever challenges a class action poses.
 

 For these reasons, we find that the proposed class action fits the requirements of La. C.C.P. art. 591(B)(3).
 

 CONCLUSION
 

 For the forgoing reasons, the judgment sustaining American Bank and Trust Company’s peremptory exception is affirmed. The plaintiffs’ claims as to American Bank and Trust Company are dismissed. However, the judgment denying the plaintiffs’ motion for class certification is reversed, and the matter is remanded for further proceedings, including certification of the class as requested by the motion. One-third of the costs of this appeal is assessed against the plaintiffs, and the remaining two-thirds are to be divided between defendants Regions Bank and First Guaranty Bank.
 

 JUDGMENT GRANTING PEREMPTORY EXCEPTION AFFIRMED.
 

 JUDGMENT DENYING CLASS CERTIFICATION REVERSED.
 

 MATTER REMANDED FOR FURTHER PROCEEDINGS.
 

 [1]
 

 . Acts 2008, No. 799, § 1 amended and reenacted Part II of Chapter 10 of Title 37, "Prepaid Funeral Services or Merchandise," which consisted of La. R.S. 37:861. As amended and reenacted, Part II of Chapter 10 of Tide 37 is now "Preneed Funeral Plans” and consists of La. R.S. 37:861 to 37:867. The new provisions became effective January 1, 2009.
 

 [2]
 

 . Under La. C.C.P. art. 592(B)(2)(e), the notice of certification shall include a statement advising each class member that he may be required to take further action, such as submitting a proof of claim in order to participate in any recovery obtained by the class. The proof of claim requirement would preclude claims on behalf of persons who died and whose funds were withdrawn by McGuire without a death certificate, but who received a funeral provided by McGuire in accordance with their prepaid funeral agreement. Such claimants would be unable to show a proof of claim for conversion of the prepaid funeral funds and would be excluded from the class.