SUSAN M. CHEHARDY, Judge.
 

 |2Mike St. Pierre appeals the trial court’s judgment on child support and spousal support. For the following reasons, we affirm the awards for child support and spousal support.
 

 On July 29, 2006, Mike and Stacy St. Pierre were married. On January 16, 2007, Stacy gave birth to their son, the only child of the marriage. On July 20, 2009, Stacy St. Pierre filed a petition for divorce. On August 3, 2009, the trial judge heard motions on custody and support issues arising from the divorce, which he took under advisement.
 

 On August 14, 2009, the trial court granted sole custody of the minor son to Stacy St. Pierre with visitation every other weekend for Mike St. Pierre. The trial court ordered Stacy St. Pierre to continue paying for the child’s health insurance. Further, the trial judge ordered Mike St. Pierre to pay child support of $850.00 a month to Stacy. The trial court also awarded Stacy spousal support of $1,656.00 per month. Finally, the trial court awarded Stacy St. Pierre exclusive use of the family home and a Toyota Corolla and ordered Stacy to pay the monthly notes associated with the house and car.
 

 ^DISCUSSION
 

 Child Support
 

 On appeal, Mike St. Pierre argues that the trial court erred in setting the amount of child support at $850.00 per month. Mike St. Pierre contends that the trial court failed to consider that his “medical condition,” the weather and the nature of his job in construction warrant a reduction in his child support obligation. He argues further that his obligation should be reduced by 20% because he “often works four out of five days in any given week.” Finally, Mike St. Pierre argues that the trial court erred in its calculation by failing to deduct his child support obligation to another child from this adjusted gross income.
 

 Stacy St. Pierre responds that the record is devoid of evidence of a “medical condition” that would prevent Mike St. Pierre from working and devoid of evidence of a “child support obligation to another child.” Further, Stacy St. Pierre contends that the trial court’s income calculations were accurate because the trial judge used Mike St. Pierre’s paycheck stubs, which were submitted into evidence, to calculate his income. We agree.
 

 In
 
 State, Department of Social Services ex rel. D.F. v. L.T.,
 
 05-1965 (La.7/6/06), 934 So.2d 687, 690, the Louisiana Supreme Court discussed Louisiana law and policy regarding child support:
 

 La. R.S. 9:315
 
 et seq.
 
 provide the guidelines for the determination of child support, which relies on the combined adjusted monthly gross income of both parents. According to La. R.S. 9:315(A), child support is a continuous obligation of both parents, whose current income the child is entitled to share, as the child should not be the economic victim of a divorce or an out-of-wedlock birth. Further, the trial
 
 *428
 
 court’s discretion in setting the amount of child support is structured and limited. This obligation must be administered and fairly apportioned between parents in their mutual financial responsibility for their children; toward that end, guidelines balance the needs of children with the means available to parents. (Citations omitted).
 

 14After the basic child support obligation is determined, the total child support obligation is computed by adding to it the net child care costs, health insurance premiums, extraordinary medical expenses and other extraordinary expenses. La. R.S. 9:315.8(A);
 
 Green v. Green,
 
 95-307 (La.App. 3 Cir. 10/4/95), 663 So.2d 277. The party without legal custody or the non-domiciliary party owes the custodial or domiciliary party for his or her share of the total child support obligation, “minus any court-ordered direct payments made on behalf of the child for work-related net child care costs, health insurance premiums, extraordinary medical expenses, or extraordinary expenses provided as adjustments to the schedule.” La. R.S. 9:315.8(D). Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error.
 
 Saacks v. Saacks,
 
 05-365 (La.App. 5
 
 Cir. 9/26/06),
 
 942 So.2d 1130.
 

 Here, the record reflects that the trial judge carefully calculated the basic child support obligation based on the testimony and evidence presented at trial. Stacy St. Pierre testified that she was not presently working but was actively seeking employment. Stacy St. Pierre testified that she currently spends her time caring for her preschool-aged son’s needs.
 

 Furthermore, the trial judge accepted Mike St. Pierre’s testimony regarding his hourly wage and, using three recent paycheck stubs, calculated the parents’ gross monthly income as $4,420.00. The trial judge noted that he did not factor in overtime because it is “rarely a given in any job situation.” Other than Mike St. Pierre’s self-serving testimony that he has a separate and unrelated child-support obligation, there was no documentary evidence of that obligation in the record. Accordingly, the basic child support obligation supported by competent evidence is $750.00.
 

 | ¡¡Further, on a monthly basis, Stacy St. Pierre pays $301.00 for health insurance for Mike St. Pierre, their son, and herself. The trial judge divided the payment by three to determine the cost of insurance per covered person, which was $100.00. The trial judge added the insurance payment to the basic child support obligation to obtain $850.00, which he ordered Mike St. Pierre to pay. There was no error in that calculation and we will not disturb the award.
 

 Spousal Support
 

 Mike St. Pierre also appeals the trial court’s award of spousal support of $1,656.00 per month. He specifically argues that the trial judge erred in using his overtime pay to calculate spousal support. He also argues that the trial court erred in finding that Stacy St. Pierre was unemployed because she works as a personal trainer at a fitness club and sells cosmetics. Finally, Mike St. Pierre argues that the spousal support award should be reduced because it is greater than one-third of his net income.
 

 A court may award interim periodic support to a spouse in a divorce proceeding based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage. La. C.C. arts. Ill and 113. Interim spousal support is designed to assist the claimant spouse in sustaining the same style or standard of living that he or
 
 *429
 
 she enjoyed while residing with the other spouse, pending the litigation of the divorce.
 
 Dufresne v. Dufresne,
 
 08-215 (La.App. 5 Cir. 9/16/08), 992 So.2d 579, 588,
 
 unit denied,
 
 08-2843 (La.12/17/08); 996 So.2d 1123(citation omitted).
 

 The needs of the claimant spouse have been defined as “the total amount sufficient to maintain her in a standard of living comparable to that enjoyed by her prior to the separation, limited only by the husband’s ability to pay.”
 
 Hitchens v. Hitchens,
 
 38,339, p. 2 (La.App. 2 Cir. 5/12/04), 873 So.2d 882, 884. The claimant | (¡spouse has the burden of proving his or her need.
 
 Jones v. Jones,
 
 38,790, p. 15 (La.App. 2 Cir. 6/25/04), 877 So.2d 1061, 1072. Awarding support also requires finding that expenses were reasonable.
 
 Vassallo v. Vassallo,
 
 540 So.2d 1300 (La.App. 5 Cir.1989).
 

 Once the claimant spouse has established need, the court must examine the ability of the payor spouse to provide support. In assessing a spouse’s ability to pay, the court must consider his or her means. Means includes “any resource from which the wants of life may be supplied,” requiring an assessment of the entire financial condition of the payor spouse.
 
 Dagley v. Dagley,
 
 96-1796, p. 4 (La.App. 4 Cir. 5/21/97), 695 So.2d 521, 523. Entire financial condition “is not limited to income, but also includes any resource from which his or her needs can be supplied, including a spouse’s earning capacity.”
 
 Hitchens,
 
 873 So.2d at 884-85. Because the trial court is vested with much discretion in determining awards of spousal support, these determinations will not be disturbed absent a clear abuse of discretion.
 
 Dufresne v. Dufresne,
 
 08-215 (La.App. 5 Cir. 9/16/08), 992 So.2d 579, 588,
 
 unit denied,
 
 08-2843 (La.12/17/08); 996 So.2d 1123 (citation omitted).
 

 Upon our review of the record, we find no error in the trial court’s award of interim spousal support. Stacy St. Pierre submitted into evidence an affidavit of income and expenses. Further, she testified that she currently did not work in order to care for the couple’s preschooler. Mike St. Pierre did not rebut her testimony or present actual evidence that Stacy St. Pierre was working. Here, the trial court obviously found that Stacy St. Pierre was in need and, thereby, awarded her interim spousal support sufficient to pay her mortgage and her car note.
 

 Although we are sympathetic that the support award is substantial, we cannot say that the award is clearly wrong. Further, the trial judge encouraged Stacy St. Pierre to obtain employment as quickly as possible and noted that “there |7is not enough money to go around.” We, therefore, affirm the interim spousal support to continue until extinguishment under the law.
 
 See
 
 La. C.C. art. 113
 
 et seq.
 

 Based on the foregoing, we affirm the trial court’s judgment in all respects. Costs of appeal are assessed to Mike St. Pierre.
 

 AFFIRMED.