|
 
 STATEMENT of the case
 

 CLARENCE E. McMANUS, Judge.
 

 On September 3, 2009, an incident occurred between Shannon and Joseph McFall, at their home in St. Charles Parish, which resulted in both parties being arrested. The parties were married at the time. On September 22, 2009, Mrs. McFall filed a Petition for Protection from Abuse in the Twenty-ninth Judicial District Court in trial court case number 70,-070. A hearing was set for October 8, 2009. On October 8, 2009, Mr. McFall appeared in court with counsel and witnesses. Mrs. McFall failed to appear for the hearing and the trial court dismissed her petition.
 

 On October 9, 2009, Mr. McFall filed a Petition for Protection from Abuse in the Twenty-ninth Judicial District Court, which was given a trial court number of 70,178. On October 15, 2009, Mr. McFall also filed a Petition for Divorce Under Civil Code Article 102 With Children and Ancillary Relief, Child Custody, Use of Home, Use of Vehicle, and Community Property Partition in trial court case number 70,209. A hearing was set for November 30, 2009. The trial court consolidated Mr. McFall’s divorce proceeding and protective order proceeding in accordance with a previous en banc order of the trial court. Thereafter, on October | <¡16, 2009, Mr. McFall filed a Petition for Ex Parte Temporary Custody of Minor Children and
 
 *331
 
 for Emergency Hearing pursuant to La. C.C.P. art. 3945. That hearing was set for November 6, 2009.
 

 On November 2, 2009, Mrs. McFall filed an Answer and Reconventional Demand in response to Mr. McFall’s Petition for Divorce. Mrs. McFall’s reconventional demand stated, in part, that she believed it is in the best interest of the children for her to be granted sole custody of the children, subject to supervised visitation for Mr. McFall, due to Mr. McFall’s history of family violence in accordance with La. R.S. 9:364. In response to her reconventional demand, the trial court issued a restraining order against Mr. McFall from abusing or harassing Mrs. McFall. The trial court also set the issues of a custody evaluation and temporary use of the home for hearing on November 6, 2009. All other matters, including a final determination of custody of the children and preliminary injunctions against Mr. McFall were set for November 30, 2009.
 

 The November 6, 2009 hearing was held and both parties appeared. Mrs. McFall and Mr. McFall stipulated as to who would conduct the custody evaluations and the hearing proceeded regarding the issues of temporary custody and the use of the family home, pursuant to Mr. McFall’s Petition for Ex Parte Temporary Custody. Mrs. McFall and Mr. McFall testified at the hearing. During Mrs. McFall’s testimony, she explained the reason she did not appear at the hearing on October 8, 2009. Mrs. McFall testified that the night before the hearing Mr. McFall physically assaulted her and told her he would destroy her if she went to court and he was going to kill her.
 

 At the conclusion of the November 6, 2009 hearing, the trial court verbally denied Mr. McFall’s request for a protective order, but later struck the ruling after Mr. McFall’s counsel noted that the petition for protection issue was not set for Lhearing on that day. The trial court acknowledged Mr. McFall’s request for protective order was still set for November 30, 2009. The trial court also granted the use of the family home to Mrs. McFall and stated its intent to file a protective order in favor of Mrs. McFall, finding that if the facts had come out on October 8, 2009, the court would have granted the protective order that day. On November 6, 2009, the trial court issued a written judgment in trial court case number 70,070 finding that Mrs. McFall’s failure to appear at the October 8, 2009 hearing was due to the pressure imposed by Mr. McFall, effectively denying her due process rights. Therefore, the trial court ordered that the petition for protection from abuse filed by Mrs. McFall be re-opened. The trial court further found that, based on the evidence presented at the November 6, 2009 hearing, the protective order previously requested by Mrs. McFall was granted pursuant to La. R.S. 46:2131.
 

 Mr. McFall now appeals the trial court’s granting of the protective order against him. He asserts one assignment of error and argues the trial court erred in reopening the previously dismissed petition for protection from abuse and in granting the order of protection after taking testimony in another case, thus depriving him of his constitutional right of due process in the form of reasonable notice and a meaningful opportunity to be heard.
 

 In opposition, Mrs. McFall argues the trial court did not abuse its discretion by issuing the protective order pursuant to La. R.S. 9:366 since a child custody matter involving family violence was set before the court on November 6, 2009.
 

 For the reasons which follow, we reverse the judgment of the trial court which reopened the petition for protection from abuse filed by Mrs. McFall and issued a
 
 *332
 
 protective order against Mr. McFall pursuant to La. R.S. 46:2131.
 

 |
 
 ¿DISCUSSION
 

 Protective orders are issued in domestic violence matters pursuant to Domestic Abuse Assistance Statutes. La. R.S. 46:2131;
 
 Lee v. Smith,
 
 08-455 (La.App. 5 Cir. 12/16/08), 4 So.3d 100, citing
 
 Mitchell v. Marshall,
 
 02-0015, p. 2 (La. App. 3 Cir. 5/1/02), 819 So.2d 359. La. R.S. 46:2133(C) provides that “[a]n adult may seek relief under this Part by filing a petition with the court alleging abuse by the defendant ...” In accordance with La. R.S. 46:2136(B), a protective order may be rendered if the court has jurisdiction over the parties and subject matter and the parties either enter into a consent agreement or reasonable notice and opportunity to be heard is given to the person against whom the order is sought sufficient to protect that person’s right to due process.
 

 In
 
 Bays v. Bays,
 
 2000-1727 (La.2/21/01) 779 So.2d 754, the Louisiana Supreme Court held that by requiring the party seeking a protective order to file a petition specifying the allegations of abuse, the legislature has ensured that a defendant’s Constitutional due process rights, particularly the right of reasonable notice, will be observed. In Bays, the party that obtained the protective order, the defendant, had not filed a petition for protection from abuse. The Louisiana Supreme Court found that the plaintiff was the only party that had filed a petition for a protective order, thus, the plaintiff was not given reasonable notice of the possibility that he might be subjected to a protective order. The Supreme Court went on to state that procedural due process requires that a person be given a meaningful opportunity to be heard. The Supreme Court found that a protective order under the domestic violence assistance statutes may not be issued without the filing of a petition in compliance with La. R.S. 46:2133. The defendant did not file a petition, therefore, the Supreme Court found the trial court in Bays did not have the authority to issue a protective order. Bays,
 
 supra.
 

 |fiIn this case, Mrs. McFall did file a petition for protection from abuse from Mr. McFall in trial court case number 70,070. However, that petition was dismissed for her failure to appear at the hearing. In a separate trial court case number, 70,209, Mrs. McFall filed her answer and reconventional demand in response to Mr. McFall’s petition for divorce and his request for custody of the minor children. While she did allege Mr. McFall had a history of family physical violence and she should be granted sole custody of the children in accordance with La. R.S. 9:364, she did not seek another protective order pursuant to La. R.S. 46:2131. Her petition for protection, previously filed in a separate trial court case, had been dismissed. There was no other petition for protection by Mrs. McFall, pursuant to the Domestic Abuse Assistance Statutes, pending before the trial court on November 6, 2009. Further, the statute cited in her reconventional demand regarding Mr. McFall’s history of family violence as it relates to the custody of the children, La. R.S. 9:364, does not grant the trial court the authority to issue a protective order in her favor and against Mr. McFall.
 

 The only matters before the trial court on November 6, 2009 were Mr. McFall’s request for temporary custody of the children and Mrs. McFall’s request for a custody evaluation and use of the family home. The trial court even struck its own denial of Mr. McFall’s petition for protection which was filed and pending in that trial court case, noting that the matter was not set for hearing on that date.
 

 
 *333
 
 Since no new petition for protection was filed by Mrs. McFall and set for hearing by the trial court, we find Mr. McFall had no reasonable notice of the possibility of a protective order being issued against him and no meaningful opportunity to be heard on this issue at the November 6, 2009 hearing, as provided by La. R.S. 46:2136(B). Thus, his due process rights were not protected.
 

 17Additionally, we find that the trial court was further without authority to reopen Mrs. McFall’s case because the trial court’s action in doing so was untimely. The trial court’s action in reopening Mrs. McFall’s case was in the nature of the granting of a new trial on the court’s own motion. Such an action is permitted under L.S.A-C.C.P. art. 1977. Because neither party had applied for a new trial from the dismissal of Mrs. McFall’s suit, the judgment of dismissal, rendered on October 8, 2009, became final once the time delays of Art. 1977 had passed. The trial court’s action in reopening the case on November 6, 2009 was therefore untimely. See
 
 Horton v. Mayeaux,
 
 05-1704 (La.5/30/06) 931 So.2d 338, 342.
 

 For the above reasons we find the trial court did not have authority to reopen the previously filed petition for protection by Mrs. McFall and no authority to issue the protective order against Mr. McFall pursuant to La. R.S. 46:2131.
 

 Accordingly, the protective order issued by the trial court against Mr. McFall is vacated and this matter is remanded to the trial court for further proceedings.
 

 REVERSED.