CLARENCE E. McMANUS, Judge.
 

 12This is an appeal by Mr. McFall from the trial court’s judgment awarding Ms. McFall interim spousal support. For the reasons which follow, we affirm the trial court’s judgment in part and amend in part.
 

 STATEMENT OF THE CASE
 

 Joseph and Shannon McFall were married on April 16, 1994. Joseph McFall filed a petition for divorce on October 15, 2009. On November 2, 2009, Shannon
 
 *906
 
 McFall filed an answer and reconventional demand in which she sought interim periodic spousal support. Ms. McFall had also filed a petition for protection from abuse in the trial court on September 22, 2009. That petition was dismissed by the trial court, but then later reinstated by the trial court. Mr. McFall filed an appeal from the trial court’s judgment reinstating Ms. McFall’s petition for protection from abuse. In an opinion dated June 29, 2010, this Court reversed the trial court’s decision finding the matter was not properly reinstated after dismissal.
 
 McFall v. McFall,
 
 10-56 (La.App. 5 Cir. 6/29/10), 44 So.3d 329.
 

 A hearing was held on November 30, 2009 and the issue of interim spousal support was addressed. The trial court issued a written judgment and reasons for judgment on December 15, 2009 awarding Ms. McFall interim spousal support of $1,075.00 per month, retroactive to September 22, 2009. The trial court also |3awarded her exclusive use of the family home, payment of her car loan and insurance, and payment of the mortgage during the pendency of the proceedings, subject to a one-half rental rate credit in the community property partition.
 

 Mr. McFall filed a motion for new trial on the spousal support judgment, which was denied. Mr. McFall now appeals the trial court’s judgment awarding interim spousal support. For the reasons which follow, we affirm in part and reverse in part the judgment of the trial court.
 

 DISCUSSION
 

 Mr. McFall appeals the trial court’s award of interim spousal support of $1,075.00 per month. On appeal, he argues that the interim spousal support award exceeds the level of his net income and his ability to pay when combined with his child support obligation and the award exceeds the standard of living of the parties prior to their separation. Mr. McFall further argues the award should be retroactive to November 2, 2009, the date Ms. McFall filed her answer and reconventional demand seeking interim spousal support. Finally, Mr. McFall argues the trial court should have allowed him to reserve his rights to determine credits for support he had paid from the date of judicial demand until the date of the hearing.
 

 In opposition, Ms. McFall contends Mr. McFall’s tax returns show a much higher earning than he claims and the trial court correctly awarded support based on the income reported in his tax returns. She also argues she originally sought interim spousal support in her September 22, 2009 filing of the petition for protection from abuse; therefore, the trial court correctly awarded support retroactive to that date. Finally, Ms. McFall contends the trial court correctly found that Mr. McFall had not provided any support for his wife or children since the separation, so it was proper for the trial court to deny his right to reserve the issue for later.
 

 |
 
 ¿Interim Spousal Support
 

 The trial court awarded Ms. McFall $1,075.00 per month for interim spousal support. A court may award interim periodic support to a spouse in a divorce proceeding based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage. LSA-C.C. arts. Ill and 113. Interim spousal support is designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce.
 
 St. Pierre v. St. Pierre,
 
 09-1124 (La.App. 5 Cir. 5/25/10), 42 So.3d 426, (citation omitted). The needs of the claimant spouse have been defined as “the total amount sufficient to maintain her in a standard of
 
 *907
 
 living comparable to that enjoyed by her prior to the separation, limited only by the husband’s ability to pay,” and the claimant spouse has the burden of proving his or her need.
 
 Id.
 
 The trial court is vested with much discretion in determining awards of spousal support and these determinations will not be disturbed absent a clear abuse of discretion.
 
 Id.
 

 Following the hearing, the trial court found Ms. McFall has needs beyond her imputed income and Mr. McFall has the ability to pay. Ms. McFall was not employed at the time of the hearing. She had previously worked as a certified medical assistant; however, she had not worked in this position since 1995 and had not maintained her certifications. The trial court found her skills were obsolete or of no use. Thus, the trial court imputed minimum wage to Ms. McFall as income potential.
 

 We find the trial court did not abuse its discretion in reaching this conclusion. Even if Ms. McFall returned to work, she would most likely not be able to return to the same position at the same salary she was previously at as a certified medical assistant. Additionally, she no longer has the certifications | Bnecessary to work in the same position. Therefore, the trial court correctly imputed an income potential of minimum wage to Ms. McFall.
 

 Next, the trial court determined Mr. McFall’s income and benefits to be in excess of $90,000.00 per year. Mr. McFall claimed he only earned $56,680.00 per year. However, based on his testimony and demeanor in the courtroom, the trial court found him to be “anything but credible.” The trial court found that Mr. McFall owns two SpeeDee Oil Change franchises and owns concession vending machines that operate at each franchise location. The trial court also found that Mr. McFall has unreported cash business. Additionally, Mr. McFall uses business funds to pay the note and insurance on the family vehicle, family cell phones, and family health insurance. The tax returns presented by Mr. McFall indicate an income over $90,000.00. Mr. McFall disputes this amount, claiming he earns significantly less. However, the trial court questioned his credibility and clearly did not give great weight to his testimony. Therefore, we find no abuse, of the trial court’s discretion in determining Mr. McFall’s income to be more than $90,000.00.
 

 We also agree with the trial court that Ms. McFall does have a need for spousal support. Ms. McFall presented an income and expense statement showing monthly expenses of $4,311.00. These expenses are necessary to maintain the same standard of living as the couple enjoyed prior to the separation. Further, Mr. McFall has the ability to pay spousal support, based on his income established by the trial court and discussed above. Thus, we find the trial court did not abuse its discretion by awarding $1,075.00 per month to Ms. McFall for interim periodic spousal support.
 

 Retroactivity of Spousal Support Award
 

 The trial court ordered that the interim spousal support award be made, retroactive to the initial date of filing, which it considered to be September 22, 1 fi2009, the date Ms. McFall filed her petition for protection from abuse. Ms. McFall did request interim spousal support in that petition; however, the trial court dismissed the petition upon her failure to appear at the hearing. The trial court later found her failure to appear was caused by Mr. McFall’s intimidation and threats; thus, the trial court reopened the dismissed petition. Mr. McFall appealed the reopening of the dismissed petition. On June 29, 2010, this Court reversed the trial court’s reopening of the dismissed petition.
 
 McFall, supra.
 
 Therefore, the spousal support award in this case cannot
 
 *908
 
 be made retroactive to September 22, 2009, the date the dismissed petition was filed.
 

 Ms. McFall did request spousal support in her answer and reconventional demand filed in response to Mr. McFall’s petition for divorce. Her reconventional demand was filed on November 2, 2009. Therefore, we amend the trial court’s judgment making the award retroactive to September 22, 2009 and find Ms. McFall’s award is retroactive to November 2, 2009, the date she filed her reconventional demand seeking support.
 

 Finally, we find no abuse of the trial court’s discretion in not reserving Mr. McFall’s right to address the issue of credits for prior spousal support payments at a later date.
 

 In accordance with the above, we affirm the trial court’s award of interim spousal support to Ms. McFall in the amount of $1,075.00 per month. We amend the trial court’s finding that the award be made retroactive to September 22, 2009 and find the award should be made retroactive to November 2, 2009.
 

 AFFIRMED IN PART; AMENDED IN PART.