MARION F. EDWARDS, Chief Judge.
|2In this domestic matter, plaintiff/appellant, Melissa Abreo Lowentritt (“Ms. Abreo”), appeals a decision of the trial court regarding issues relating to interim spousal support, child support, and use and occupancy of the family home. We amend the judgment on appeal before us and, as amended, we affirm for the reasons assigned herein.
Ms. Abreo and Dr. Joshua Lowentritt were married on June 5, 1993 and had three children. On January 12, 2009, Ms. Abreo filed for divorce based on La. C.C. art. 102 seeking interim spousal support, child support, and use and occupancy of the family home in River Ridge, Louisiana. Dr. Lowentritt filed a motion for termination of the community and separation of property on August 11, 2009, alleging that the parties had been living separate and apart since January 12, 2009. That issue was settled by a consent judgment of the parties on September 3, 2009 in which they agreed to terminate the community effective January 12, 2009.
The matter proceeded with child custody issues and discovery relating to the assets of the community and income of the parties. A judgment of divorce was rendered on March 11, 2010. The parties entered into a consent judgment on June 2, 2010 in which Ms. Abreo was awarded the exclusive use and occupancy of the |Rfamily home and deferred the issue of rental reimbursement until partition of community property.[1]
The matter went before a hearing officer and recommendations were made on interim spousal support, child support, and mortgage and rental reimbursements for use of the family home. Both parties filed objections to the recommendations, and the matter went before the trial court on November 3, 2010. After the hearing, the trial court held the matter open for post-trial memoranda and took the matter under advisement. On December 16, 2010, the trial court rendered judgment award *1084 ing Ms. Abreo use and occupancy of the home and interim spousal support for the period of January 12, 2009 through September 11, 2010 in the amount of $5,000 per month. The judgment also made Ms. Abreo responsible for the mortgages, property taxes, and insurance on the family home “while she resides therein.” The trial court found Dr. Lowentritt’s monthly income to be $42,780 and Ms. Abreo’s to be $3,000, thereby assessing 96 percent of the financial needs of the children to Dr. Low-entritt and 4 percent to Ms. Abreo. The trial court also awarded Ms. Abreo $4,498.00 per month in child support.
Ms. Abreo filed a motion for new trial opposing the decision of the trial court on child support and spousal support. Specifically, Ms. Abreo asserted the trial court failed to address the minor children’s medical/dental and/or other expenses as provided by La. R.S. 9:315.5 and 9:315.6 and failed to consider the mortgages, property taxes, and insurance expenses on the home as part of the support obligation.
The trial court granted the motion for new trial in part ordering Dr. Lowentritt to continue to maintain the three minor children on health and Lhospitalization insurance and proportionately divided the unreimbursed medical expenses between the parties. In all other respects, the motion for new trial was denied. Ms. Abreo has appealed both the original judgment and the amended judgment.
Ms. Abreo has also filed a motion to strike certain parts of Dr. Lowentritt’s brief not in evidence on the record. This Court is a court of record and may not review evidence that is not in the appellate record, or receive new evidence.[2] We have not considered any discussion of fact not introduced into evidence at trial. Accordingly, the motion to strike is denied as moot.
On appeal, Ms. Abreo assigns six errors for our review. In those errors, Ms. Abreo questions the trial court’s calculations in the incomes of both parties and in the amount of child support and interim spousal support. Ms. Abreo also asserts the trial court erred in ordering her to be responsible for the mortgages, property taxes, and insurance while she resides in the family home. In the final error, Ms. Abreo asserts the trial court should have granted her motion for new trial.

LAW AND ANALYSIS

Ms. Abreo’s first two assignments are that the trial court erred when it found Dr. Lowentritt’s income to be $42,780 per month and Ms. Abreo’s to be $3,000. As to Dr. Lowentritt’s income, Ms. Abreo agrees with most of the expert calculation offered by testimony and documentation at trial that Dr. Lowentritt’s 2010 gross monthly income was $40,368. However, Ms. Abreo argues that Dr. Lowentritt disagrees with the assessment of monthly income received from a real estate holding group. The expert testimony offered by Barry Lee shows a calculation of $1,300 per month. Ms. Abreo argues that amount is actually $1,700 |sper month. Ms. Abreo also questions a negative $1,800 of income from another investment.
According to Ms. Abreo’s calculations, Dr. Lowentritt’s income should have been found to be $42,056.32. While Ms. Abreo acknowledges that the trial court actually imputed a higher income to Dr. Lowen-tritt, she argues that the trial court should have considered certain reimbursements received by Dr. Lowentritt for personal expenses to increase his income to $44,556.32.
Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or *1085 operation of a business can be considered in the calculation of gross income.[3] It is within the trial court’s discretion to decide what amount is appropriate for inclusion in gross ineome.[4] In the matter before us, the trial court heard evidence from Mr. Lee, Dr. Lowentritt’s financial expert. Ms. Abreo did not present expert evidence to refute this testimony. Further, Ms. Abreo acknowledges that the trial court increased Dr. Lowentritt’s monthly income by about $723 over what Mr. Lee testified that the doctor earned. Clearly, the trial court considered some of the reimbursements for inclusion in its finding of Dr. Lowentritt’s monthly income. Considering the facts of this case, we find no abuse of the trial court’s discretion.
Ms. Abreo argues that the trial court overestimated her monthly earnings when it found that she has the capacity to earn $3,000. Ms. Abreo argues her income should have been computed by the trial court at 25 hours a week times $17 per hour, or $425 per week, or $1,770.83 per month. Ms. Abreo makes these calculations based on the actual hours she works at her part-time job as a Community Service Representative at Home Instead Senior Care. At the trial, Ms. | rAbreo testified that she has a college degree, but she has been out of the work force for fourteen years and is actively seeking a full-time position.
The definition of “income” for purposes of child support includes the earning potential of a voluntarily unemployed or underemployed party.[5] If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years.[6] When determining whether a spouse is underemployed for the purpose of calculating a child support obligation, the court shall consider that spouse’s earning capacity in light of all circumstances.[7] Whether a party is voluntarily under/unemployed with respect to calculating child support is a question of good faith of the party to be cast with paying the child support obligation.[8]
At trial, Ms. Abreo testified that she had a college degree, but she stayed home to raise her children at Dr. Lowentritt’s request. She began actively seeking employment after the divorce and applied for several positions. Ms. Abreo admitted she only went on one actual interview; but, that interview resulted in the job at Home Instead Senior Care at a rate of $17 per hour. She works about twenty to twenty-five hours a week. Ms. Abreo stated that she asks for more hours and has tried to secure full-time work but is unable to attain that goal.
Given the testimony, we find the trial court erred in finding that Ms. Abreo was underemployed and that Ms. Abreo’s earning potential is $3,000 per month. It was clear from Ms. Abreo’s testimony that she is trying to secure full-time |7employment and also in the interim has repeatedly requested to work more hours at her current job. We find her to be in good faith in her attempts to be as gainfully employed as possible and increase her earning potential. Accordingly, we amend the *1086 trial court’s judgment to decree that Ms. Abreo’s earnings are $1,770.83 per month.
Ms. Abreo also assigns as error the trial court’s award of $4,498 for child support. Ms. Abreo asserts it is in the children’s best interest to increase the award. Ms. Abreo points out that the children are used to the high standard of living provided by Dr. Lowentritt’s income, which cannot be maintained on the award given by the trial court.
After the hearing, the trial court awarded $4,498 per month in child support to Ms. Abreo. Additionally, the trial court allocated 96 percent of the extraordinary, educational or extracurricular expenses, including deductibles and co-pays, to Dr. Lowentritt and 4 percent to Ms. Abreo. Additionally, the judgment orders Dr. Lowentritt to maintain the children on health and hospitalization insurance. The parties have agreed to share the cost of all extracurricular activities for the children proportionately.
When, as in the matter before us, the combined adjusted gross monthly income of the parties exceeds the highest level specified in the schedule, the court shall use its discretion in setting the amount of the basic child support obligation in accordance with the best interest of the child and the circumstances of each parent, but in no event shall it be less than the highest amount set forth in the schedule.[9]
The award of child support to Ms. Abreo exceeds the highest amount set forth in the schedule.[10] However, Ms. Abreo argues the amount is insufficient to support the children in the style to which they have become accustomed and that | sDr. Lowen-tritt can afford to pay more. Ms. Abreo asserts the trial judge erred by not awarding her the entire amount requested in her expense report for the expenses on the family home in which she and the children were living at the time of trial.
In setting the award, the trial court considered both testimonial and documentary evidence. The trial court also questioned both parties on items included in the expense reports. Many of the expenses in Ms. Abreo’s list are based on continued living in the family home, which has a high mortgage and maintenance costs. However, Ms. Abreo testified that she intended to move to a smaller, more affordable home and had applied for a home loan. Dr. Lowentritt testified that he has purchased a smaller home a few blocks from the family home and the couple shares custody of the children. Ms. Abreo testified that the children spend a little more than half the time with her and the rest of the time with Dr. Lowentritt.
Under the statutory mandate, when the combined total income of the parents exceeds the child support guidelines, a trial court must use its discretion in setting the amount of child support using the best interest of the child as the overriding factor to be considered.[11] The amount of a child support award will not be reversed absent an abuse of discretion.[12]
In the matter before us, we do not find abuse of the trial court’s discretion in the award of child support. The trial court reviewed and asked several questions regarding expenses listed in Ms. Abreo’s statement. It is clear that the trial court had a complete understanding of Ms. Abreo’s financial situation and considered the entire circumstances in making it ruling. The trial court questioned the $1,000 *1087 Itiper month Ms. Abreo listed for home repairs and an expense of $1,000 per month for a credit card that now has no balance. Ms. Abreo also admitted to the court that she does not employ a housekeeper and is unsure of the insurance amounts because this item on her expense sheet is paid directly by Dr. Lowentritt.
Ms. Abreo is only responsible for 4 percent of any expenses for her children. Further, the children live with their father almost half of the time, thus reducing Ms. Abreo’s expenses. Additionally, Ms. Abreo testified that she was in the process of applying for a home loan and intended to move to a more suitable home. It was also shown that several of the expense items on her sheet were invalid. Under these circumstances, we affirm the trial court’s award of $4,498 per month.
Ms. Abreo also challenges the $5,000 per month she received as interim alimony. Ms. Abreo agrees that the trial court correctly fixed interim spousal support from January 12, 2009 through September 11, 2010. However, she requests this Court to raise the monthly amount to about $6,000 based on the style of living she was accustomed to during the marriage, and taking into account that she now has to share expenses for the children.
A court may award an interim periodic support to a spouse in a divorce proceeding based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage.[13] Interim spousal support is an allowance awarded to a claimant spouse to help sustain the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce.[14] Because the trial court is vested with much Indiscretion in determining awards of spousal support, these determinations will not be disturbed absent a clear abuse of discretion.[15]
The record shows that Ms. Abreo remained in the family home throughout the trial while Dr. Lowentritt was paying the expenses and child support. Given the circumstances of this case, we find no abuse of the trial court’s discretion in the interim spousal support award.
In her final assignment of error, Ms. Abreo asserts the trial court erred in ordering that she is responsible for the mortgages, property taxes, and insurance while she resides in the family home. In the judgment on appeal, the trial court made Ms. Abreo responsible for the home expenses as long as she chooses to reside there.
The record shows that Dr. Lowentritt paid the mortgages, property taxes, and insurance on the family home from the date Ms. Abreo filed for divorce in January of 2009 until the judgment of the trial court on December 16, 2010 in which Ms. Abreo was awarded use of the family home. Further, Dr. Lowentritt paid $5,000 to Ms. Abreo in interim spousal support and $5,430 in child support until the divorce decree was final. Additionally, Dr. Lowentritt paid 96 percent of all extraordinary expenses during this time.
The trial court considered living expenses as part of the child support award based on Ms. Abreo’s testimony that she intended to purchase another, cheaper home that she could afford and had applied for a home loan to accomplish that goal. Now that interim spousal support is no longer due, the child support has been set, and the divorce is final, we find no abuse *1088 of the trial court’s discretion in |T ordering Ms. Abreo to pay the expenses of continuing to live in the former family home as long as she chooses.
Ms. Abreo argues the trial court should have granted her motion for new trial. A new trial shall be granted upon a showing that the judgment appears clearly contrary to the law and evidence.[16] Because we find the judgment is in conformance with the law and evidence, we find no error in the trial court’s denial of the motion for new trial.
In conclusion, we hereby amend the trial court’s judgment to decree that Ms. Abreo’s monthly earnings are $1,770.83. In all other respects, the judgment is affirmed.

JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED

. Other consent judgments relating to child custody, use of Saints and Hornets tickets, and refinancing of certain real property were entered into by the parties. However, none of these judgments affect the judgment on appeal.

. La. C.C.P. art. 2164.

. La. R.S. 9:315(C)(3)(b).

. Templeton v. Templeton, 00-0536 (La.App. 1 Cir. 12/22/00), 774 So.2d 1257, 1259-60.

. La. R.S. 9:315(C)(5)(b).

. La. R.S. 9:315.11(A).

. Sequeira v. Sequeira, 04-433 (La.App. 5 Cir. 11/30/04), 888 So.2d 1097, 1104 (citations omitted).

. Id.

. La. R.S. 9:315.13(B)(1).

. La. R.S. 9:315.19.

. La. R.S. 9:315.13(B)(1).

.State, Dep't of Soc. Services., ex rel. S.McC. v. J.A.McC., 03-108 (La.App. 5 Cir. 5/28/03), 848 So.2d 121, 125-26.

. La. C.C. arts. Ill and 113.

. La. C.C. art. 113.

. Dufresne v. Dufresne, 08-215 (La.App. 5 Cir. 9/16/08), 992 So.2d 579, writ denied, 08-2843 (La. 12/17/08), 996 So.2d 1123.

. La. C.C.P. art. 1972.