ROBERT M. MURPHY, Judge.
|2Joseph R. LaRocca (Mr. LaRocca) appeals the decision of the trial court to extend the payment of interim spousal support awarded to Eloísa C. LaRocca (Ms. LaRocca) beyond 180 days after the entry of the judgment of divorce. Ms. LaRocca assigns as error the reduction in the amount of interim spousal support from $7000.00 originally awarded on July 3, 2012 to $3,500.00 awarded on August 8, 2013. For the reasons that follow, we affirm the trial court’s rulings and deny Ms. LaRocca the relief sought.
FACTS AND PROCEDURAL HISTORY
The parties were married on March 3, 2000. There were no children born of their marriage, though both had adult children. On June 29, 2011, Mr. LaRocca filed a petition for divorce and determination of incidental matters. On July 26, 2011, Ms. LaRocca filed a rule for interim and final periodic spousal support. On November 18, 2011, the Domestic Hearing Officer recommended that Mr. LaRocca pay Ms. LaRocca $8,400 per month, to which Mr. LaRocca filed a timely objection on November 21, 2011. After hearings on June 13 and July 3, 2012, the |3trial cohrt granted the objection, reducing the interim spousal support to $7,000 per month.
Judgment of divorce was rendered on June 19, 2012. Mr. LaRocca then filed a rule to determine fault and to terminate spousal support, which was heard on October 23, November 7, and December 12, 2012. In a February 26, 2013 judgment,' the trial court found Ms. LaRocca to be free from fault and entitled to final spousal support “in an amount to be determined.”
On March 18, 2013, Mr. LaRocca’s Motion and Order for Appeal of the February 26, 2013 Judgment finding Ms. LaRocca free from fault was granted by the trial court, over her objection. On March 25, 2013, Ms. LaRocca filed a motion to set the matter of final periodic support for hearing, but the trial court denied her motion, citing the pending appeal as an impediment. On April 22, 2013, Ms. LaRocca filed a writ with this Court, asking that the unlodged appeal be dismissed, as the February 26, 2013 ruling was not a final or appealable judgment or an interlocutory judgment for which an appeal could be taken.
Coincidentally, with her pending writ application on April 16, 2013, Ms. LaRocca filed a rule to extend interim spousal support, to which Mr. LaRocca filed an exception of no cause of action [1] .On April 29, 2013, the Domestic Commissioner granted an exception of No Right of Action, finding that Mr. LaRocea’s final payment had been made in December of 2012, and that the obligation had extinguished by operation of law in accordance with La. C.C. art. 113. Ms. LaRocca filed a timely objection to this finding on April 30, 2013.
*210 |4On May 13, 2018, this Court issued its ruling on Ms. LaRocca’s pending writ dismissing Mr. LaRocca’s unlodged appeal. On May 30, 2013 the trial court heard Ms. LaRocca’s objection to the Domestic Commissioner’s ruling of April 29, 2013, and reversed the ruling in a Judgment entered on June 11, 2013.
In a subsequent hearing held by the trial court on June 27, 2013, the trial court made a finding that Ms. LaRocea had shown “good cause” for the extension of interim support as required by La. C.C. art. 113, and a Judgment was issued July 8, 2013. The trial court then set the matter for the determination of the amount of support for July 15, 2013.
On July 10, 2013, Mr. LaRocea filed a notice of intent to take writs with a request for a stay in the trial court. The stay and in due course, the writ, were denied. With no specific support amount determined by the trial court, this Court declined to exercise its supervisory jurisdiction. 13-565 (La.App. 5 Cir. 7/29/13) (unpublished writ disposition). At the July 15, 2013 hearing to set the amount of support .due, the trial court ruled from the bench and subsequently executed a written judgment on August 8, 2013. The trial court then set the extended interim spousal support at $3,500 per month.
On August 13, 2013, Mr. LaRocea filed a notice of intent to seek writs; on August 14, 2013, the duty judge extended the previous return date of August 14, 2013 to September 14, 2013. This Court subsequently denied the writ, holding that a judgment setting an amount of interim spousal support was a final appealable judgment, and that Mr. LaRocea had an adequate remedy on appeal. 13-753 (La. App. 5 Cir. 10/7/13) (unpublished writ disposition). On July 31, 2013, Mr. LaRocea filed a motion and order of appeal; the trial court granted Mr. LaRocca’s devolu-five appeal on September 23, 2013.
ASSIGNMENTS OF ERROR
Appellant, Mr. LaRocea, assigns the following errors by the trial court.
1. The trial court erred in sustaining the objection by Ms. LaRocea to the Domestic Commissioner’s ruling granting the Exception of No Right of Action pursuant to Ms. LaRocea filing a Motion to Extend Interim Spousal Support four months after support had terminated by operation of law.
2. The trial court erred in finding that Ms. LaRocea had shown good cause for an extension of interim spousal support when she presented no evidence of any disability or circumstance beyond her control which prevented her from seeking employment.
3. The trial court erred in finding that Ms. LaRocea was entitled to an extension of interim spousal support when at the time of the hearing on the Motion for Extension she also did not, by her own testimonial admissions, meet the standards for a normal grant or continuation of interim spousal support prior to the statutory limit on such support having tolled.
Ms. LaRocea contends in her brief that the trial court erred in halving her monthly interim spousal support from $7,000 to $3,500 without any basis when she remained in necessitous circumstances, she was unable to maintain the parties’ lifestyle as it was during the marriage, and her husband’s ability to pay was demonstrably higher than when the initial $7,000 interim spousal support was set by the trial court on July 3, 2012.
STANDARD OF REVIEW
The trial court is afforded much discretion in determining an award of interim spousal support, and that award will not be disturbed absent a clear abuse of discretion. Lowentritt v. Lowentritt, 11-703 *211 (La.App. 5 Cir. 3/13/12), 90 So.3d 1081; McFall v. Armstrong, 10-181 (LaApp. 5 Cir. 10/12/10), 50 So.3d 904.
The determination of whether a plaintiff has a right of action is a question of law. Acorn Comm’y Land, Ass’n of La., Inc. v. Zeno, 05-1489 (La.App. 4 Cir. 6/21/06), 936 So.2d 836. An appellate court reviews an exception of no right of action de novo. First Bank & Trust v. Duwell, 10-481 (La.App. 5 Cir. 12/14/10), 57 So.3d 1076, unit denied, 10-2826 (La.2/11/11), 56 So.3d 1005.
| (After judgment is rendered on the merits, the interlocutory judgment—here, the ruling on an exception—becomes part of the final decree and subject to review on appeal. Sellers v. El Paso Industrial Energy, L.P., 08-403 (La.App. 5 Cir. 2/10/09), 8 So.3d 723; Guice v. Mustakas, 490 So.2d 390 (La.App. 5 Cir.1986).
LAW AND DISCUSSION
As a preliminary matter, Ms. La-Rocca contends this appeal should be dismissed, as a judgment overruling an exception of no right of action is not a final appealable judgment, and Mr. LaRocca did not timely file a writ application meeting the attendant requirements of notice, setting of the return date, or the filing of attachments. U.R.C.A. Rules 4-2, 4-3.
In the writ disposition decided by this Court on October 7, 2013, we found that the judgment of interim spousal support, which also sets the amount of support, is a final appealable judgment, and declined to exercise our supervisory jurisdiction. 13-753 (La.App. 5 Cir. 10/7/13) (unpublished writ disposition).[2] While the trial court’s overruling of the exception of no right of action, considered alone is .interlocutory and the possible subject of a writ application, once the actual award of support was determined, it became part of the final decree on interim spousal support and subject, to review in this appeal. We therefore find that the trial court’s order, granting Mr. LaRocca a devolutive appeal, was proper.
We further find as a preliminary matter that the trial court was not manifestly erroneous in considering appellee’s claim for an extension of interim spousal support as it was not barred by res judica-ta as argued by appellant in his brief. Subpart (B) of La. R.S. 13:4232 provides:
|7In an action for divorce under Civil Code Article 102 or 103, in action for determination of incidental matters under Civil Code Article 105[including support for a spouse], in an action for contributions to a spouse’s education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.
La. C.C. art. 113 explicitly provides for the extension for spousal support, and sets forth the requirements. Here, the extension of interim spousal support was not actually adjudicated until August 8, 2014. That judgment provides in part:
IT IS ORDERED, ADJUDGED AND DECREED that plaintiff, Joseph R. La- *212 Rocca shall pay extended interina spousal support to defendant, Eloísa C. La-Rocca in the amount of $3,500 a month due and payable ... and retroactive to January 2013. (Emphasis added).
With the trial court’s ruling in the February 26, 2013 judgment calling for further review, and a plain reading of the article providing for distinct stages of support (interim, extended, and final), there was no merger of the obligation with the domestic judgment of support subject to modification that would bar Ms. LaRocca’s motion for interim spousal support under res judi-cata.
In assignment of error number one, Mr. LaRocca contends the trial court erred in finding that Ms. LaRocca demonstrated good cause for the extension of interim spousal support after it had terminated by operation of law. This assignment of error focuses on whether the obligation can be resumed after it arguably ceased 180 days after judgment of divorce. We will evaluate the “good cause” element in the second assignment of error, infra.
Mr. LaRocca contends that his obligation to pay interim spousal support is extinguished by performance as with any . other obligation. Relying on La. C.C. arts. 113 and 1854[3], he argues that this obligation was extinguished 180 days after the parties divorced on June 19, 2012. It is undisputed that Mr. LaRocca did not | Rmiss a payment during the 180 day period following the judgment of divorce. Mr. LaRocca emphasizes that during this period, Ms. LaRocca did not file for an extension of interim spousal support. The crux of Mr. LaRocca’s position is that interim spousal support cannot thereafter be resumed. He argues that the obligation, once extinguished by payment, is incapable of being resurrected by later action. C & A Tractor Co. v. Branch, 520 So.2d 909, 910 (La.App. 3 Cir.1987); Sweeney v. Black River Lumber Co., 4 La.App. 244, 1926 WL 3243 (La.App. 2 Cir.1926).
Mr. LaRocca argues that the interim spousal support terminated here by operation of law, 180 days after divorce. He argues that La. C.C. art. 113, which created the right to interim spousal support, (motion, hearing, good cause, and final support pending), fully encompasses the elements for extinguishing the obligation (grant or denial of final award or 180 days from judgment of divorce). He claims that Ms. LaRocca’s filing a motion for extension beyond the 180 days was dilatory and negated any future claim for support. Ms. LaRocca in fact had filed a rule for spousal support, both interim and final, on July 26, 2011. The rule was still pending at the time the divorce was granted on June 19, 2013, and continued to be pending throughout these proceedings. Mrs. La-Rocca argues that the support obligation is not necessarily extinguished at 180 days post-divorce, as the code article on interim spousal support specifically provides for a possible extension by the trial court and sets forth the criterion for same: “good cause shown.” Mrs. LaRocca further argues that the cases cited by appellant, C & A Tractor and Sweeney, supra, demonstrating the extinguishment of a satisfied obligation, are inapplicable to the instant facts as they relate to open account and novation issues and are not domestic support cases, which remain subject to change throughout the pendency of the proceedings.
19We note that La. C.C. art. 113 addresses the creation of interim spousal support but fails to address when the request for extending interim spousal support must be filed. La. C.C. art. 113 *213 clearly permits an extension based on ap-pellee’s showing of good cause which was found by the trial court. Support in domestic cases by its very nature is subject to modification by filing a rule in the trial court subject to the peremptive period set forth in La. C.C.P. art. 117. See Guillory, supra, 29 So.3d at 1290 (holding that an award of final spousal support may be subsequently modified upon a showing of a change of circumstances). Absent a clear mandate from the statute, and considering the ongoing nature of spousal awards in domestic matters, we cannot say that the statute requires that the request for an extension of interim support be filed within the 180 day time period. In Roan v. Roan, 38,383 (La.App. 2 Cir. 4/14/04), 870 So.2d 626, the Second Circuit upheld the right of a spouse to seek interim spousal support for 22 months until judgment awarding final spousal support. Despite the continuation of interim spousal support beyond 180 days, the court’s analysis focused on whether the wife could show'good cause for an extension as contemplated by La. C.C. art. 113.
Rather than restrict interim support to a non-extendable 180 day period with no relief, even if there has been no final support ruling and potentially no resolution of partition issues, the Legislature provided claimants with a right to continue to pursue interim spousal support while work on the partition of community property and final spousal support issues continues. The trial court has an ongoing opportunity to conduct a full evidentiary hearing at ahy time on good cause as contemplated by codal authorities. La. C.C. arts. 113; 117. Giving these articles effect permits spouses to seek interim support within the per-emptive period. Assignment of error number one lacks merit.
| inIn assignment of error number two, Mr. LaRocca contends that the trial court erred in finding good cause for the extension of interim spousal support when Ms. LaRocca presented no evidence of any disability or circumstance beyond her control which prevented her from seeking employment.
Mr. LaRocca relies on limited cases from our sister circuits to define “good cause,” the prerequisite for interim spousal support under La. C.C. art. 113. In Piccione v. Piccione, 01-1086 (La.App. 3 Cir. 5/22/02), 824 So.2d 427, 433, for example, the Third Circuit held that “good cause must constitute, ... if not a compelling reason, certainly a reason of such significance and gravity that it would be inequitable to deny an extension of such support. ... The disability of the claimant spouse or a situation where a claimant spouse is prevented from seeking employment due to circumstances beyond his or her control might be ‘good cause’ to extend interim support.” Id. (Emphasis added). In Roan v. Roan, supra, the Second Circuit, went further to define good cause for extension where the “extension is really and genuinely needed.” (Emphasis added). In his assignment of error, Mr. La-Rocca stresses that Ms. LaRocca has failed to meet the Roan criteria: the lack of Ms. LaRocca’s disability and circumstances beyond her control in seeking employment. Both circuits recognize that “good cause” must be evaluated by the trial court on a “case-by-case basis.” Piccione, 824 So.2d at 433; Roan, 870 So.2d at 639.
Mr. LaRocca argues that Ms. LaRocca failed to prove good cause which he narrowly defines as disability or externally imposed concern or circumstances, that is to say, forces preventing her from finding work. Mr. LaRocca describes Ms. La-Rocca as one who has not tried very hard to find work, used past payments to pay legal fees, and declined Social Security *214 payments to which she is currently | ^entitled to receive at age 64. He argues she. is underemployed without having produced evidence of a lack of available jobs.
The trial court found “good cause” based on her age, work history, and education. Her testimony established that she is 64, has been out of the work force for 10 years during her marriage, and has only two years of junior college study in interior design at Delgado Community College. On review of the record, we find that the trial court did not manifestly err in finding “good cause shown” on the instant facts in this particular case. Whether the standard is compelling reason (such as the pending determination of assets and liabilities), general need.(living on credit cards), circumstances beyond her control (economy, lack of experience), age, work history, or education, the trial court performed its legislatively-delegated role to review and modify support. La. C.C. art. 113; see Guillory, supra.
As to the basis of her alleged inactivity, Mr. LaRocca contends that Mrs. LaRocca is voluntarily underemployed and unwilling to use other economic resources available to her such as social security. Mr. La-Rocca argues that Ms. LaRocca’s choice to delay receiving Social Security benefits should mandate a set off against her support payments. He argues this since Ms. LaRocca has seemingly chosen to delay her current benefits to increase her Social Security payout at full age. On review, we find Mr. LaRocca’s argument lacks merit, as a later increase in Ms: LaRocca’s Social Security benefits could well benefit both parties based on future adjustments to any claimed final spousal support. See Guillo-ry, supra. Assignment number two lacks merit.
In assignment • of error number three, Mr. LaRocca contends that the trial court erred in finding that Ms. LaRocca was entitled to an extension of interim spousal support when, at the time of the hearing on the Motion for Extension, she |12also did not, by her own testimonial admissions, meet the standards for a normal grant or continuation of interim spousal support.
The initial assessment of the eligibility requirements under La. C.C. art. 113 for interim spousal support are not the same as for the extension of support. The initial spousal support award requires the trial court’s evaluation of “needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage....” Id. In contrast, the extension of spousal support under the article requires the trial court’s evaluation of a single element: a showing of good cause. Id. Mr. LaRocca’s assignment of error seeks to have this Court review the trial court’s initial assessment and award of interim spousal support which are irrelevant to the extension of support. Assignment of error number three therefore lacks merit.
Ms. LaRocca seeks reinstatement of the $7,000/month interim spousal support. We deny Ms. LaRocca’s request based on the fact that she did not answer the appeal timely. The request was merely inserted into the brief and cannot serve as an appeal. La. C.C.P. art 2133(A); Dailey v. The Home Furnishings Store, 01-1225 (La.App. 4 Cir. 9/17/03), 857 So.2d 1051; Vigh v. State Farm Fire & Cas. Ins. Co., 97-0381 (La.App. 4 Cir.11/19/97), 706 So.2d 480 (LaApp. 4 Cir.1997), opinion vac. in part on reh’g (2/11/98).
Based on the foregoing, we find that the trial court did not abuse its discretion in setting the amount of interim support, and did not abuse its discretion in extending the award of interim spousal support. Lowentritt, supra.
*215 DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are taxed to Mr. LaRocca.

AFFIRMED.

JOHNSON, J., dissents with reasons.

. On April 18, 2013, Mr. LaRocca filed Exceptions of No Cause of Action, Res Judicata and Improper Procedure to Ms. LaRocca’s Motion to Extend Interim Spousal Support. On April 29, 2013, the Domestic Commissioner denied Mr. LaRocca’s Exceptions of No Cause of Action, Res Judicata, and Improper Procedure, but sua sponte raised the Exception of No Right of Action and maintained the exception. The judgment was not signed until May 3, 2013. While the ruling of the Domestic Commissioner is not on appeal before this court, Mr. LaRocca argues in brief that the original exceptions would also preclude Ms. LaRocca’s request for an extension of interim support beyond the 180 day period.

. In two prior writ applications regarding interim spousal support in this case, we found that (1) after the trial court’s determination of the lack of appellee fault, the trial court erred in granting a motion for appeal without an award of support, 13-345 (La.App. 5 Cir. 5/13/13) (unpublished writ disposition); and (2) we declined to exercise supervisory jurisdiction after the trial court made a factual finding that appellee had good cause for the extension of interim spousal support, but failed to determine the amount or order reinstatement, 13-565 (La.App. 5 Cir. 7/29/13) (unpublished writ disposition).

. La. C.C. art. 1854 provides: "Performance by the obligor extinguishes the obligation.”