JOHNSON, J.,
dissents with reasons.
| J, respectfully, dissent from the majority opinion on the issue of whether Eloísa LaRocca could continue to receive interim spousal support after Joseph LaRocca’s legal obligation to pay the support ended. I believe the majority opinion focuses on the “good cause” analysis without thoroughly examining whether Ms. LaRocca actually had a legal right to interim spousal support that could be extended by the trial court.
“Interim spousal support is designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce.” McFall v. Armstrong, 10-181 (La. App. 5 Cir. 10/12/10); 50 So.3d 904, 906-907. La. C.C. art. 113 provides the following, in pertinent part, in reference to interim spousal support:
A. Upon a motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay any interim allowance or final child support obligation, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce.
B. If a claim for final spousal support is pending at the time of the rendition of the judgment of divorce, the interim spousal support award shall thereafter terminate upon rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first. The obligation to pag interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown. •
(Emphasis added).
|2In the case at bar, Mr. LaRocca and Ms. LaRocca were divorced on. June 19, 2012. The final spousal support award was pending at the time of the rendition of the judgment of divorce, which means that Mr. LaRocca’s legal obligation to pay Ms. LaRocca interim spousal support ended 180 days from June 19, 2012. It is undisputed by the parties that Mr. LaRocca paid the interim support payments as scheduled through December of 2012. Because Mr. LaRocca’s interim spousal support order ended on December 19, 2012 and he performed his obligation as directed, Mr. LaRocca’s legal obligation to pay Ms. LaRocca interim spousal support was extinguished through his performance in December of 2012. (See La. C.C. art. 1854, which states, “Performance by the obligor extinguishes the obligation.”).
Ms. LaRocca did not file a rule to extend interim spousal support until April 16, 2013. La. C.C. art. 113 provides for an extension of an obligation to pay interim spousal support beyond 180 days. However, the obligation to pay interim spousal support has to actually exist before it can be extended. Mr. LaRocca’s legal obligation to pay Ms. LaRocca interim spousal support had been extinguished for months before Ms. LaRocca filed her rule to extend. At that point in time, Ms. LaRocca no longer had the right to interim spousal *216 support payments and only had the right to seek final spousal support payments because the judgment of divorce was final and Mr. LaRocea’s obligation to pay interim spousal support had ceased. Thus, the trial court abused its discretion when it extended Mr. LaRocea’s payments of interim spousal support because it revived an obligation that had been extinguished by operation of law.
Although the Louisiana legislature did not specify when the request for an extension of interim support must be filed, I highly doubt the legislature intended that an extinguished obligation to pay interim support’ could be extended. The trial Iscourt would have been correct in granting Ms. LaRocea an extension of interim spousal support if she would have filed the rule prior to Mr. LaRocea’s obligation being extinguished.[4] Therefore, I would reverse the trial court’s award of interim spousal support to Ms. LaRoeca.

. I note that in the case cited by the majority opinion to support the extension of interim spousal support, Roan v. Roan, 38,383 (La. App. 2 Cir. 4/14/04); 870 So.2d 626, the wife in that matter sought an extension of the support prior to the husband’s obligation being extinguished.